## YOUNG et al. v. MOOR, for use, etc.

1. A common-law action can not be maintained at the instance of a citizen and taxpayer "for the use of" a municipal corporation against the mayor and commissioners of the corporation, to recover money collected as taxes from the plaintiff and other taxpayers, a portion of which is alleged to have been misappropriated by the officers of the municipality in paying premiums on the official bonds of such officers.

(a) The legal right to recover the money is in the corporation and not in the taxpayer, and the latter can not recover such money, even if misappropriated, in a common-law action brought for that purpose.

(b) If the plaintiff had no right to bring such suit, he could not by adding "for the use of" the corporation confer the right on himself to bring it.

2. A demurrer filed to a petition brought for the purpose specified in the foregoing note, on the ground that it set out no cause of action, should have been sustained, and the court erred in not so holding.
                    DECEMBER 17, 1915.

Complaint. Before Judge Fite. Bartow superior court. January 18, 1915.

A. P. Moor, for the use of the City of Cartersville, a municipal corporation, brought his suit upon information of A. P. Moor, against G. W. Young, H. J. Galt, and W. H. Milner, and alleged

26

in substance as follows: On the first Wednesday in January, 1912, the above-named defendants, having been duly elected, qualified as the board of commissioners of the City of Cartersville, with Young as mayor and Galt and Milner as commissioners. The defendants had and took charge of the public money of the City of Cartersville raised by taxation. On or about February 1, 1912, the defendants appropriated and paid out of the funds of the City of Cartersville the sum of $65.00 to H. W. Howard, agent for the United States Fidelity and Guaranty Company. On or about February 1, 1913, the defendants appropriated and paid out of the public funds of the City of Cartersville the sum of $65.00 to said agent. Each of the appropriations and payments above set out was contrary to law and in violation of the defendants' legal duties as mayor and commissioners of the City of Cartersville, in that the money belonged to the City of Cartersville, having been raised by taxation from the taxpayers of the city, and was expended by the defendants for their private, personal, and individual purposes, and not for any legal debt and charge against the City of Cartersville. At the time the money was thus appropriated, the City of Cartersville did not owe H. W. Howard or the United States Fidelity and Guaranty Company any sum whatever, and was under no obligation to make such payment to them, all of which the defendants well knew at the time of making the payments. Plaintiff amended his petition by alleging that at the time it was filed he was and is now a citizen and taxpayer of the City of Cartersville, and by alleging that the payments referred to in the original petition were $82.50 each, instead of $65 each, and prayed judgment for $165.

The defendants answered, denying each material allegation of the petition. They also demurred to the petition, on the ground that it set out no cause of action, and on other grounds. The court overruled the demurrer on each ground, and the defendants excepted. The case proceeded to trial; and after the evidence was in, the court directed a verdict for the plaintiff, to which ruling the defendants also excepted.

*J. T. Norris*, for plaintiffs in error. *Eubanks & Mebane*, contra.

HILL, J. (After stating the foregoing facts). This was a common-law action brought by the plaintiff as a citizen and taxpayer "for the use of the City of Cartersville" against the mayor

and commissioners of that municipality, to recover certain sums of money which were raised by taxation, and were alleged to have been misappropriated and paid out by the defendants to an agent of a certain fidelity and guaranty company as premiums on their official bonds. A demurrer to the petition was overruled, and the defendants excepted. The case proceeded to trial; and at the conclusion of the evidence the court directed a verdict for the plaintiff, to which exception was taken.

If our view of the law of the case is correct, we need look no further than to the petition and demurrer. This is not an equitable action brought by the plaintiff on behalf of himself and other taxpayers as a class, to restrain the corporation from exceeding its lawful powers over corporate funds and thus injuriously affecting the taxable inhabitants by increasing the burden of taxation and the like; but is a common-law action in the plaintiff's own name, for the use of the municipality, to recover money alleged to have been illegally appropriated by the officers of the corporation of which he was a citizen and taxpayer. The legal right to recover the money alleged to have been misappropriated was in the municipality, and was never in the plaintiff; and before he could recover it in a common-law suit, it must appear that he had the legal right to sue. Nor do we think that in a case like the present the plaintiff could sue "for the use of" the municipality, in order to recover the money. If the plaintiff had no legal right in himself to sue, to do so for the use of some one else would not confer that right. See *State of Georgia* v. *Bank of Quilman*, 117 *Ga.* 849 (45 S. E. 236). There being no authority of law to authorize a suit like the instant one, we think the court erred in not sustaining the demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*