Ronald E. Coleman, J.
The claim was duly filed and has not been submitted to any other court or tribunal for audit or determination. The claim is for deprivation of claimant’s rights. It is made under section 1983 of title 42 of the United States Code which reads as follows:
“ § 1983. Civil action for deprivation of rights “ Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.”
Claimant was admitted to the Uowanda State Hospital on March 6, 1964 and was released on May 20, 1964. During this period she was allowed to go home on two separate occasions. While in the hospital, it is her claim that she was required to mop floors, clean toilet bowls and other similar work, six days a week. Claimant relied on a recent decision, Jobson v. Henne (355 F. 2d 129). In that case an action was brought for deprivation of rights against the director, two assistant directors and the supervising psychiatrist of the Newark State School for Mental Defectives operated by the State of New York. In the District Court the complaint was dismissed as a matter of law on the ground that the defendants were immune from suit brought under the above section. In reversing the judgment, the Circuit Court held that the defendants were not immune and then passed upon the defendants’ motion for summary judgment *584 in their favor. Plaintiff’s supporting affidavits stated “ that for long periods of time he was forced to work in the Newark ■State School’s boiler house eight hours a night, six nights a week, while working eight hours a day assigned jobs in the village of Newark.” (P. 132). The court found that “As we cannot say that any such work program would not go beyond the bounds permitted by the Thirteenth Amendment, the complaint states a claim under § 1983.” (P. 132.)
The court said that “the states are not thereby foreclosed from requiring that a lawfully committed inmate perform without compensation certain chores designed to reduce the financial burden placed on a state by its program of treatment for the mentally retarded, if the chores are reasonably related to a therapeutic program, or if not directly so related, chores of a normal housekeeping type and kind.” (Pp. 131-132.)
The court then went on to say that “ Nevertheless, there may be some mandatory programs so ruthless in the amount of work demanded, and in the conditions under which the work must he performed, and thus so devoid of therapeutic purpose, that a court justifiably could conclude that the inmate had been subjected to involuntary servitude.” (P. 132.) All the court decided was that there was a question of fact based on the complaint and that summary judgment could not be given and the judgment was reversed and remanded to the District Court for trial.
The sole basis of the claim made herein and the proof offered in support of it on the trial was that the work that the claimant was required to do and the conditions under which it was done were such that it could be said that she had been subjected to involuntary servitude. No claim was made for an injury to her right hand and arm in and of itself and this proof was offered solely in support of the claim that the work performed by her amounted to involuntary servitude.
On the trial claimant was her only witness. She testified at length to the work required of her six days a week, gave the impression that she was the only one doing this work and in respect to the condition of her hand and arm she testified that she had reported it to an attendant whom she named. The attendant so named testified for the State on the trial and denied this fact. Two attendants employed by the -Gfowanda State Hospital during the period of her confinement testified that mopping was done only on three days a week and was done by a number of patients on a voluntary basis. Claimant had worked on some of these occasions and no complaint was made by her to either of them. Claimant testified to being in one ward only while it appeared that during her stay at the hospital she also was con *585 fined in two other wards. However, she named the attendants who testified on the trial as the ones who required her to do the work during all her stay which could not possibly have been so as these attendants had not worked in the. other two wards.
Claimant’s counsel at the conclusion of the State’s case insisted that he had the right to call in rebuttal the nurse who was in charge of the ward as she was present in the courtroom. As what actually was to be offered in rebuttal by calling the nurse as a witness was not explained to us, we viewed this request as an unusual one and one not properly made. However, we did allow the claimant to call the nurse. The net result of her testimony was to corroborate in all details the testimony of the two attendants called by the State on its case. In addition, on rebuttal claimant offered the hospital record without specifically stating the purpose for wanting it admitted in evidence at that point in the trial. We did not allow this and in her brief claimant makes the suggestion that a letter written by her to, and possibly a letter from, the Commissioner of Mental Hygiene .in regard to a complaint made by her might have been contained therein. Even if we were to assume that such was the fact and that she had complained about the work that she had to do, this would have no bearing on our decision herein.
On all the credible evidence claimant has failed to establish by a fair preponderance of the evidence that the work she did was such that it amounted to involuntary servitude. The chores which she did were of a normal housekeeping type and kind. In her brief claimant questions whether any work done in such an institution can be called voluntary. In view of our finding concerning the nature of the work, we do not discuss this contention any further. On all the proof we dismiss the claim made herein. In doing so, we grant the motion made by the State at the conclusion of all the proof to dismiss the claim on the facts.
All" that we have decided is that the facts of this claim would not justify an award under section 1983 of title 42 of the United States Code. The claim must be and hereby is dismissed.