Richard S. Lane, J.
These motions are considered together and raise for the first time in New York the question of whether, for the purposes of a civil action pursuant to section 1983 of title 42 of the United States 'Code, sewer service constitutes a deprivation of a right secured by the Constitution of the United States.
Plaintiff sued defendant for the balance due under a contract to take judo lessons and obtained a default judgment. After having her default opened, defendant interposed an answer wherein she alleges, by way of counterclaims against plaintiff and as a complaint against third-party defendants (the process server and his employer), that all of them conspired to enter a judgment against her based on a false affidavit of service. She maintained this afforded her a right of action for redress pursuant to section 1983 of title 42 of the United States Code, and, as an alternative theory, was an abuse of legal process. ThircL-party defendants in turn failed to answer.
At this juncture, third-party defendant Kurland (the process server’s employer) seeks to be relieved of her default, which is granted on consent. Third-party defendant Kurland also *282 moves to dismiss for failure to state a cause of action pursuant to CPLR 3211. In connection with the latter motion and in view of the public interest in the subject matter, MFY Legal Services, Inc., seeks leave to file a brief amici curiae, which is granted without opposition.
To state a cause of action pursuant to section 1938 of title 42 of the United States 'Code, defendant must show that she has been deprived of a constitutionally protected right and that same was accomplished under the color of State law (Kletschka v. Driver, 411 F. 2d 436, 447 [C. A. 2d, 1969]).
As to the first requirement, due process is guaranteed by the 14th Amendment, and, in any judicial proceeding, notice is a 'fundamental prerequisite of due process (Schroeder v. City of New York, 371 U. S. 208; United States v. Barr, 295 F. Supp. 889 [S. D. N. Y., 1969]). The conspiracy alleged here was clearly to deprive defendant of any notice until it was too late and the Sheriff was at the door. As the MFY brief so persuasively points out, sewer service is not an isolated practice in New York City and weighs most heavily against the poor. However, under section 1983 of title 42 of the United States Code, defendant need not show widespread abuse or discrimination. It is enough that it happened to her (Birnbaum v. Trussell, 371 F. 2d 672 [C. A. 2d, 1966]).
As to the second requirement, a process server initiates an action in our courts by service (CPLR 304; 2103, subd. [a]). He performs the same function as a Sheriff or as a Marshal in the Federal courts. As such he certainly operates under the color of State law. This was determined without apparent consideration in an as yet unreported Federal District Court case in Illinois raising the identical issue as this motion (Scarver v. Allen, File No. 70-C-253, N. D. Illinois, 1970). It has also been specifically determined in actions under the criminal counterpart of section 1983 of title 42 of the United Code (United States v. Wiseman, 445 F. 2d 792 [C. A. 2d, 1971]; United States v. Barr, supra).
True that, in filing a false affidavit, the process server was not properly living up to obligations of his office. However, color of State law does not require an act prescribed by State law; indeed it may even be one proscribed by State law. It is enough if done by one clothed with the authority of the State and purporting to act thereunder (Sostre v. Rockefeller, 312 F. Supp. 863 [S. D. N. Y., 1970]; Delatte v. Genovese, 273 F. ’Supp. 654 [E. D. La., 1967]; see Thompson v. Baker, 133 F. Supp. 247). Although the moving party here did not actually make the false affidavit, the allegation of conspiracy is enough *283 to hold it in (Mizell v. North Broward Hosp. Dist., 427 F. 2d 468 [C. A. 5th, 1970]; Birnbaum v. Trussell, supra; Nesmith v. Alford, 318 F. 2d 110 [C. A. 5th, 1963], cert. den. 375 U. S. 975).
The moving party also attacks the jurisdiction of State courts to entertain section 1983 actions. She is wrong. Federal rights, even Federal Constitutional rights, may be protected in State courts (Sullivan v. Little Hunting Park, 396 U. S. 229). Indeed State courts have no discretion to refuse (Testa v. Katt, 330 U. S. 386). And the courts of New York, when presented with section 1983 actions, have not refused (Seaman v. Fedourich, 16 N Y 2d 94; Krieger v. State of New York, 54 Misc 2d 583). This court can do no less.
Finally, the moving party complains that a section 1983 action may not be brought in the form of a counterclaim. Why not? (CPLR 3019 (subd. [a]); CCA, § 208.) Furthermore, although cast in the form of a counterclaim even against the moving party, it is really, and I have treated it herein as, a third-party complaint. Perhaps a motion as to form alone would have been more successful.
Defendant’s second or alternative counterclaim for abuse of legal process is also sustained. The gist of the actions for abuse of process lies in the improper use thereof after issuance. There must be an unlawful interference with one’s person or property under the color of process (Williams v. Williams, 23 N Y 2d 593, 596; Dean v. Kochendorfer, 237 N. Y. 384, 390 ; Pagliarulo v. Pagliarulo, 30 A D 2d 840). Process perhaps is not process until the commencement of a lawsuit is achieved by its service (CPLR 304). However, by virtue of the false affidavit here, it was deemed served not only to commence a lawsuit but for all intents and purposes to end it successfully. The elements of the cause of action, as enunciated by Judge Jasen in the Williams case (supra), are present with a vengeance.
The motion to dismiss is denied, and third-party defendant Kurland shall have 10 days from service of a copy of this order to answer.