DUDLEY v GENESEE COUNTY SHERIFF

1. CIVIL RIGHTS—STATUTES—COURTS—JURISDICTION.

A state court has jurisdiction to entertain an action alleging a deprivation of civil rights under a Federal statute because unless it appears that Congress intended to vest exclusive jurisdiction in the Federal courts, state and Federal courts usually have concurrent jurisdiction to enforce rights under Federal statutes (42 USCA 1983).

2. SHERIFFS AND CONSTABLES—CIVIL RIGHTS—FALSE IMPRISONMENT— VICARIOUS LIABILITY—STATUTES.

A plaintiff who brought an action against a sheriff and his deputies alleging a deprivation of civil rights actionable under Federal law and false imprisonment actionable under state law failed to state a claim against the sheriff upon which relief could be granted where the plaintiff did not allege that the sheriff acted in any way to deprive her of her civil rights, her theory being that the sheriff should be held liable for his deputies' acts simply because he is sheriff, because a state statute provides that no sheriff shall be responsible for the acts, defaults and misconduct of any deputy sheriff, and because the Federal act does not provide for vicarious liability simply because a person holds a certain position (42 USCA 1983; MCLA 51.70).

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 October 5, 1973, at Lansing. (Docket No. 16831.) Decided November 29, 1973.

Complaint by Bethany Dudley against Thomas Bell, Genesee County Sheriff, and Sam Buck and Claus Lachman, deputies, for deprivation of civil

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur 2d, Civil Rights §§ 8–10, 12–15, 52–54, 65, 70, 77.
[2] 32 Am Jur 2d, False Imprisonment §§ 40–42, 47.
Principal's liability for false arrest or imprisonment caused by agent or servant. 35 ALR 650, s. 97 ALR2d 15.

rights and false imprisonment. Partial accelerated judgment in favor of defendant deputies; summary judgment in favor of defendant sheriff. Plaintiff appeals. Partial accelerated judgment reversed; summary judgment affirmed.

*Hayes & Kittendorf,* for plaintiff.

*Walker, Troester, Picard & MacNeil,* for defendants.

Before: McGREGOR, P. J., and BRONSON and CARLAND, * JJ.

CARLAND, J. The plaintiff brought this action against the Sheriff of Genesee County and two of his deputies alleging a deprivation of civil rights actionable under 42 USCA 1983 and false imprisonment actionable under state law. The trial court granted the defendant deputies' motion for a partial accelerated judgment under GCR 1963, 116.1(2) holding that a state court does not have jurisdiction to entertain the action insofar as it is based on the Federal statute. The trial court also granted the defendant sheriff's motion for summary judgment under GCR 1963, 117.2(1) because of failure to state a claim upon which relief could be granted. We reverse the partial accelerated judgment granted to the deputies and affirm the summary judgment granted to the sheriff.

The trial court held that exclusive jurisdiction to hear claims under 42 USCA 1983 is vested in the Federal courts. We find this conclusion to be erroneous. Unless it appears that Congress intended to vest exclusive jurisdiction in the Federal courts, state and Federal courts usually have concurrent

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

jurisdiction to enforce rights under Federal statutes. *Claflin v Houseman,* 93 US 130; 23 L Ed 833 (1876). Indeed it has been held that state courts must give effect to Federal statutes. *Testa v Katt,* 330 US 386; 67 S Ct 810; 91 L Ed 967 (1947). Our Supreme Court left the question of state court jurisdiction open in *Hirych v State Fair Comm,* 376 Mich 384; 136 NW2d 910 (1965). However, courts that have considered the question have indicated that a state court may entertain such an action. *Luker v Nelson,* 341 F Supp 111 (ND Ill, 1972); *Judo, Inc. v Peet,* 68 Misc 2d 281; 326 NYS2d 441 (1971). We see no reason for any holding other than that a state court has jurisdiction.

While the circuit court has jurisdiction the plaintiff has not stated a claim against the sheriff upon which relief can be granted. The plaintiff has not alleged that the sheriff acted in any way to deprive her of her civil rights. The plaintiff's theory is that the sheriff should be held liable for his deputies' acts simply because he is the sheriff. MCLA 51.70; MSA 5.863 provides in part:

> "No sheriff shall be responsible for the acts, defaults and misconduct in office of any deputy sheriff."

Because of the foregoing statute the sheriff cannot be liable under the plaintiff's theory of the case. The Federal act does not provide for vicarious liability simply because a person holds a certain position. If there is to be liability under this theory it must be imposed under state law. In *Hesselgesser v Reilly,* 440 F2d 901, 902–903 (CA 9, 1971), the Court stated the law as follows:

> "The Civil Rights Act does not itself specifically establish a basis for liability, vicarious or otherwise, against

persons who do not participate in a civil rights violation. The applicable section, 42 USC § 1983, speaks only of '(e)very person who * * * subjects, or causes to be subjected, any citizen * * * to the deprivation of any rights * * * .' Thus if one who did not participate in such violation of another on principles of vicarious liability, or by reason of statutory responsibility, it must be because: (1) the Civil Rights Act gives recognition to the laws of the states pertaining to such liability and, (2) the laws of the particular state where the action arose create such liability.

"We think the Civil Rights Act does authorize the application, under appropriate circumstances, of state laws pertaining to vicarious liability and liability created by statute. Under 42 USC § 1988, quoted in the margin, where the laws of the United States are deficient in the provisions necessary to furnish suitable remedies, the common law, as modified and changed by the constitution and statutes of the state wherein the case arose, shall govern the trial and disposition of civil rights actions, so far as the same is not inconsistent with the Constitution and laws of the United States. State statutes making sheriffs liable for the misconduct of their deputies, if applied to civil rights deprivation by deputies, are not inconsistent with the Constitution and laws of the United States."

In *Hesselgesser* local law provided a remedy. Michigan law provides no such remedy. Therefore the trial court did not err in granting the defendant sheriff's motion for summary judgment.

Reversed in part and affirmed in part and remanded for further proceedings not inconsistent with this opinion.

All concurred.