## 29051. STEWART v. GAINESVILLE GLASS COMPANY, INC. et al.

UNDERCOFLER, Presiding Justice.

The only issue raised in this certiorari is breach of express warranty. Under our decision in *Ellis v. Rich's, Inc.,* 233 Ga. 581, privity is required in actions for breach of express warranties except as provided in Code Ann. § 109A-2—318 and except as pointed out in the Court of Appeals opinion where the warranty clearly extends to some identifiable third person. The Court of Appeals opinion is affirmed.

*Judgment affirmed. All the Justices concur, except Jordan and Ingram, JJ., who dissent.*

ARGUED NOVEMBER 12, 1974 — DECIDED JANUARY 29, 1975.

*Telford, Stewart & Stephens, John E. Girardeau, Charles W. Stephens,* for appellant.

*Whelchel, Dunlap & Gignilliat, George L. Simpson, III,* for appellees.

INGRAM, Justice, dissenting.

The present action sounds in contract and is brought

to recover damages for breach of an express warranty. The majority has determined that because of a lack of privity, the plaintiff cannot recover. I do not agree with this decision.

A review of the relationships between the parties and the warranty involved is necessary to put this issue into proper perspective. The window glass, alleged to be defective, was manufactured by Thermoproof Glass Co., a subsidiary of Shatterproof, and sold to Gainesville Glass Co., Inc. Gainesville Glass sold the glass window to Nix Construction Company, a general contractor, who installed the glass in a house for the original owner from whom the plaintiff purchased.

The manufacturer expressly warranted the performance of the glass for a period of 10 years against defects of the character alleged in this litigation. The plaintiff contends that a breach of this warranty occurred approximately 4 years after the manufacture and installation of the glass. The majority decision denies a recovery to plaintiff upon the sole ground that there is no privity of contract between the manufacturer and the consumer and this absence of privity is fatal to the action.

In my view, it is at least arguable that with the adoption of the Uniform Commercial Code in Georgia, the law with respect to this privity question was changed to a position of neutrality and we are no longer bound by this atavistic requirement. Code Ann. § 109A-2—318 does not require vertical privity of contract in actions on express warranties. See, Official Comments to the Uniform Commercial Code, Note 3, 1 Uniform Laws Anno., Uniform Commercial Code, p. 251. Therefore, the present case reaches this court with the old privity requirement as an unsettled open question.

In addition, I see no crippling conflict with existing case law. Both the majority of this court and the Court of Appeals agree that privity is not required "where the warranty clearly extends to some identifiable third person." I say the present warranty was intended to extend to the consumer in this case. It is unreasonable to attribute to the manufacturer an intent to have an express warranty extend only to the distributor who, in many instances, does not even open the package and sells

it intact to the retailer who calls the consumer's attention to it as a sales inducement. If the manufacturer does not intend the express warranty to extend to the third person consumer who he hopes will purchase and use its product, the manufacturer can limit the warranty terms. Thus, as here, where the express warranty contains no limitation, I believe it is reasonably intended to extend to the consumer who is the identifiable third person.

If the legislature had intended the old privity requirement to be continued it easily could have made provision for its continued longevity. It did not do so but, as I see it, left the question open for decision by the courts. Thus, the interstitial question posed by the adoption of the Uniform Commercial Code requires a new look at privity in light of modern business practices. Times have changed considerably since the days when privity was spawned around 1842. The world of merchandising moves in large measure today on advertising and representations which attract the ultimate consumer to buy a manufacturer's product without any direct contract with the manufacturer. It is significant that the manufacturer is the one who writes the warranty and, within statutory limitation, can extend or restrict its terms as it may wish to do so. The present warranty contains no limitations restricting in whose hands the product must rest for enforcement of the warranty.

There is simply no persuasive reason the consumer should not hold the manufacturer to the promise of its express warranty. When a product is manufactured and offered for sale on the market, broad express warranties are often touted to enhance the attractiveness of the product. To stimulate interest in the product by exclaiming its express warranty attributes without holding the manufacturer to the terms of the warranty is unjust and unreasonable. If manufacturers are to be protected from living by the terms of warranties they write by the imposition of an outmoded, legalistic privity requirement, let it be openly said by statute so the consuming public is put on notice not to expect to rely on the warranties often used to induce a purchase.

I am authorized to state that Justice Jordan concurs in this dissent.