## 29442. BROWN v. BROWN.

NICHOLS, Chief Justice.

On June 29, 1973, a final divorce decree was entered between the parties. On July 5, 1973, the wife filed a motion entitled "Motion for Reconsideration" in which she sought additional specificity regarding insurance policies the husband was required to keep in force, additional monthly alimony and attorney fees. On July 26, 1973, two additional judgments were filed in such case. One judgment amended the final divorce decree so as to specifically require the former husband to make the monthly payments on such insurance policies and to pay off some then current loans and interest on such policies. The second judgment was a nunc pro tunc order back dated to June 29, 1973, the date of the original divorce decree, requiring the former husband to pay attorney fees. Thereafter, in April, 1974, the former husband filed a motion to set aside the modified divorce decree in which motion the foregoing factual situation was alleged and in which it was contended that he was not a resident of Fulton County after the original divorce decree was rendered on June 29, 1973, that he did not receive any pleadings with respect to the motion for reconsideration referred to above until August 2, 1973, when he received a letter from his former attorney transmitting copies of the two orders entered subsequent to the final judgment and decree of divorce. Thereafter, the former wife filed a motion seeking to have the former husband held in contempt of court for failure to abide by and make the payments required by the original divorce decree. The trial court, after hearing, found the husband in contempt of court and the appeal is from this judgment.

The appeal presents three questions, to wit: (1) that the trial court erred in denying the former husband's motion to set aside the July, 1973 judgment modifying the final divorce decree and awarding the former wife attorney fees nunc pro tunc; (2) that the trial court erred in finding that the former husband was properly served in the rule for contempt; and (3) that the trial court erred in holding the former husband in contempt of court.

1. In *Smith v. Smith,* 230 Ga. 238 (196 SE2d 437), it was held that under Code Ann. § 81A-160 (g) where both parties to a judgment agree that the judgment entered did not speak the agreement then a motion to modify and correct such a judgment is permissible. In *Boockholdt v. Brown,* 224 Ga. 737 (164 SE2d 836), which case was distinguished in *Smith v. Smith,* supra, it was held that a court is without authority to enter a nunc pro tunc judgment changing a previously entered order. Here, the motion was not to correct a clerical mistake arising from oversight or omission but was a motion to reconsider and set aside the final judgment and decree on the ground that certain provisions were not supported by the evidence and was in reality a motion for new trial to which no rule nisi was attached. See Code § 70-306. The trial court erred in refusing to set aside the judgment modifying the original divorce decree.

2. The record before this court makes it appear that a hearing was held, as to attorney fees, prior to the original divorce decree being entered. Under the decision in *Proctor v. Proctor,* 224 Ga. 450 (162 SE2d 398), the trial court was authorized to award attorney fees to the former wife after the divorce was actually granted.

3. In this case, as in *White v. White,* 231 Ga. 52 (199 SE2d 897), the former husband initiated the proceeding which resulted in a counterclaim being filed against him. Under such circumstances the service of such counterclaim upon the former husband's attorney is sufficient service to give the trial court jurisdiction over the former husband, who is now a resident of Clarke County, Georgia.

4. Pretermitting the question of the timeliness of the filing of the notice of appeal, yet where there is no transcript of the evidence heard by the trial court in making the determination that the former husband had failed to make the payments required by the divorce decree such judgment must be affirmed. There is no merit in this enumeration of error. Compare *Nicholson v. Nicholson,* 231 Ga. 760 (204 SE2d 292); *Jenkins v. Jenkins,* 231 Ga. 371 (202 SE2d 52).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED JANUARY 16, 1975 — DECIDED JANUARY 29, 1975.

*Victoria D. Little,* for appellant.
*Howard H. Johnston,* for appellee.