## 30563. BACKUS et al. v. CHILIVIS et al.

INGRAM, Justice.

This appeal grows out of the litigation which begat the earlier appeals of *Chilivis v. Backus,* 236 Ga. 88 (1976). Plaintiff taxpayers prosecute this appeal from the order of the trial court granting defendant H. L. Yoh Company's motion for summary judgment.

In December, 1974, appellants instituted a class action challenging the validity of the Glynn County ad valorem tax digest for 1974. Various state and county officials, who perform duties related to ad valorem taxation, were named as defendants in the complaint along with the City of Brunswick and the H. L. Yoh Company. The basis of the Yoh Company's alleged liability was a contract, entered into between Yoh Company and Glenn County in 1973, which required Yoh to make maps, appraisals and perform other services in connection with the "valuation for tax assessment purposes of all property . . . located in Glynn County."

In Count 1 of the complaint, which did not contain a prayer for relief against the Yoh Company, appellants sought a declaratory judgment that the digest was void and that several statutes dealing with ad valorem taxation procedure were unconstitutional. The appellants also sought an injunction against the collection of taxes based on the digest. The rulings of the trial court on the contentions made by plaintiffs in Count 1 were reviewed in *Chilivis v. Backus,* supra, and the issues raised in that count were decided adversely to plaintiffs.

The remaining three counts of the complaint sought relief only against the Yoh Company, and it is from the rulings of the trial court on these counts that this appeal was taken by the taxpayers.

I

In Count 2 of the complaint appellant taxpayers sought damages from Yoh Company for its alleged breach of the 1973 contract between it and Glynn County. Appellants asserted in the trial court and urge on appeal that they have standing to pursue such a claim under Code Ann. § 81A-123 (a) (1) because, as taxpayers who supplied the consideration for the contract, they are

holders of secondary or derivative rights to enforce the contract.

Appellant's reliance in their brief on Code Ann § 81A-123 (a) (1) as establishing their right to institute this action against the Yoh Company is misplaced. Code Ann. § 81A-123 (a) (1) merely states the rule of procedure that a class action may be brought when the right sought to be enforced is secondary. Whether such a derivative right exists is a matter of substantive law. Appellants have cited no substantive law, and we have found none, that grants to taxpayers a secondary right to sue a third party for its alleged breach of a contract with a county under the circumstances in this case.

The fact that appellants are citizens and taxpayers of Glynn County would entitle them to injunctive relief to prevent an illegal expenditure of public funds. See *McGinnis v. McKinnon,* 165 Ga. 713 (1) (141 SE 910) (1928). However, legal title to funds in the county treasury is in the county and any suit to recover money illegally paid by the county or owed to the county by virtue of a breached contract must be brought by the county itself. Citizens and taxpayers do not have standing to bring such a suit. See *Young v. Moor,* 144 Ga. 401 (1) (87 SE 401) (1915); *Henry v. Means,* 137 Ga. 153 (3) (72 SE 1021) (1911). The trial court, therefore, properly granted summary judgment in favor of the Yoh Company on Count 2 of the complaint.

## II

Appellant taxpayers also sought recovery of damages from Yoh Company in Count 3 on the theory that the taxpayers were third-party beneficiaries of the contract between Yoh and Glynn County. Appellants argue that the clear intent of the contract was to benefit taxpayers by appraising their property in a fair and equitable manner. Furthermore, appellants assert that two provisions of the contract evince an intent to compensate the public for breaches of the agreement. In one provision the company agreed to comply with all federal, state and local laws and regulations affecting the conduct of its work and to "indemnify and save harmless the county" from any liabilities arising from the company's violation of any of those laws. The other

provision, a penalty clause, provides in relevant part, "the company shall pay to the county $100 per each calendar day that the company shall exceed the time for completion of the work contemplated hereunder."

Appellants' contention that they are third-party beneficiaries of the contract is without merit. In order for a third party to have standing to enforce a contract under Code Ann. § 3-108 it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient. *Stewart v. Gainesville Glass Co.,* 131 Ga. App. 747, 752 (206 SE2d 857) (1974), affirmed, 233 Ga. 578 (212 SE2d 377) (1975); *McWhirter Material &c. Co. v. Ga. Paper Stock Co.,* 118 Ga. App. 582, 583 (1) (164 SE2d 852) (1968). The contract in the instant case fails to meet this standard. The two provisions relied upon by appellants to show the requisite intent to benefit the public manifest, instead, an intent to reimburse the county for losses occasioned by the company's breach of the agreement.

Moreover, we think it is clear from the entire contract that the company's performance was to be rendered directly to the county for the county government's benefit. Indeed, Par. 23 of the contract provides, "[t]he intent of this contract is to secure for the county an accurate and complete set of maps and appraisals so the county can continue the project without interruption . . ." "Project" is defined in Paragraph 1 (d) as "the valuation for tax assessment purposes of all property . . . located in Glynn County . . ." It is clear, then, that the agreement is a bilateral contract entered into for the purpose of providing the county with the information, materials and expertise necessary to form the basis of a continuing program of property valuation. Such incidental benefit as the appellants may receive in the form of equitable and fair valuations is not sufficient in itself to qualify them as third-party beneficiaries of the contract between Yoh Company and Glynn County.

The two cases cited by appellants in support of their claim, *Smith v. Ledbetter Bros., Inc.,* 111 Ga. App. 238 (141 SE2d 322) (1965); and *Columbus R. Co. v. Moore,* 29 Ga. App. 79 (113 SE 820) (1922) are inapposite. Both cases

are tort actions founded on negligence. In *Stuart v. Berry,* 107 Ga. App. 531, 532 (2) (130 SE2d 838) (1963), the Court of Appeals explained the relationship, in such cases as *Smith* and *Columbus R. Co.,* between the tort and the underlying contract, "[w]here a duty to exercise ordinary care in doing or refraining from doing some act rests upon a contract with a third person, one injured by the negligence of the actor cannot ordinarily rely for recovery on a mere breach of warranty or violation of the contractual obligation. He may, however, plead and prove the contract by way of inducement to raise the duty of the defendant to use due care in his performance of it." See also *R. F. Burton Co. v. Southern Marine Assn.,* 130 Ga. App. 111, 112 (2) (202 SE2d 544) (1973). Neither of the cases cited by appellants supports the proposition that a citizen can sue one who contracts with a governmental entity for breach of the contract. Accordingly, we hold the trial court also properly granted Yoh Company's motion for summary judgment as to Count 3 of the complaint.

### III

In Count 4 of the complaint, the appellants incorporated by reference the allegations of unconstitutional activity contained in Count 1 and on that basis sought $2,000,000 damages in tort from Yoh Company under 42 U S C § 1983. In *Chilivis v. Backus,* supra, this court found appellants' constitutional attacks upon the digest to be without merit with the exception of appellants' claim that the digest lacked the uniformity required by the Constitution. As to that contention, the court held that the appellants had an adequate remedy at law by appeal to the county board of tax equalization. See *Tax Assessors v. Chitwood,* 235 Ga. 147 (218 SE2d 759) (1975). The appellants' sole remaining basis for their § 1983 claim, then is their allegation that the Yoh Company's arbitrary methods resulted in appraisals, and therefore ad valorem tax liabilities, which are violative of the equal protection clause of the Federal Constitution.

As its first defense to this claim, the Yoh Company contends that actions instituted under the authority of § 1983 are not cognizable in state courts because the statute has been construed in McNeese v. Board of Education, 373 U. S. 668, 671 (1963), and Monroe v. Pope, 365 U. S. 167

(1961) as providing only a federal remedy which is intended to be supplementary to state remedies. While both McNeese and Monroe describe the supplementary character of § 1983, neither case construes the statute as confining § 1983 subject matter jurisdiction to the federal courts.

We need not decide, however, whether all § 1983 claims are within the exclusive province of the federal courts because that question need not be resolved to decide the specific issue we face in this case.[1] For decision here is whether appellants may seek damages from the Yoh Company under 42 USC § 1983 for alleged unequal taxation resulting from Yoh Company's appraisal work even though it has been determined that Georgia statutes provide adequate remedies to cure this alleged defect. See *Tax Assessors v. Chitwood,* supra. The federal courts have generally declined to adjudicate § 1983 claims based upon allegedly unconstitutionally imposed state taxes. Although the Supreme Court in Lynch v. Household Finance Corp., 405 U. S. 538 (1972) rejected the distinction, upon which several of these cases relied, i.e., that § 1983 and its jurisdictional counterpart § 1343 (3) apply only if "personal" rights as opposed to "property" rights are allegedly impaired, nevertheless, the court acknowledged that the area of state taxation is governed by unique considerations as well as the anti-injunction statute 28 USC § 1341 which restrict federal jurisdiction. Id., p. 542, n. 6.

Thereafter, the Court of Appeals for the 5th Cir., in

---

[1]Several state courts that have considered the general issue have noted that 28 USC § 1343, which is the jurisdictional statute for § 1983, grants "original" as opposed to exclusive original jurisdiction in federal district courts and have concluded in light of the policy underlying § 1983 that federal and state courts have concurrent jurisdiction of actions brought pursuant to the statute. See Brown v. Pitchess, 531 P2d 772, 774 (Cal., 1975); New Times, Inc. v. Arizona Board of Regents, 519 P2d 169, 176 (Ariz., 1974); Dudley v. Bell, 50 Mich. App. 678 (213 NW2d 805, 806) (1974); Clark v. Bond Stores, Inc., 340 NYS2d 847 (1973); see also Saunders v.

Bland v. McHann, 463 F2d 21 (1972), cert. den., 410 U. S. 966, re-examined the contours of federal jurisdiction in light of Lynch where taxpayers institute a suit under § 1983 to challenge a state tax. That court held that the anti-injunction statute, § 1341, not only bars anticipatory relief in the form of injunction and declaratory judgments, "where a plain, speedy and efficient remedy may be had in the courts of such state," but also manifests a federal policy of deference to state administrative and judicial remedies in matters of state taxation that bars a claim for a tax refund under § 1983. See also Evangelical Catholic Communion, Inc. v. Thomas, 373 FSupp. 1342 (D. Vermont, 1973), affd. 493 F2d 1397.

Appellants' claim is based upon alleged inequalities in the county's ad valorem tax digest. Thus, it appears that, if appellants had instituted their § 1983 action in federal court against the county officials, their suit would have been dismissed because Georgia provides a statutory remedy adequate to assure that their property will be fairly and equally assessed for ad valorem tax purposes. Under these circumstances, it would be anomalous to allow the appellants to circumvent recognized and established state procedures for equalizing tax assessments simply by filing a § 1983 suit in a Georgia court against county officials.

We hold that the procedures provided by Georgia statutes for resolving ad valorem tax disputes bar taxpayers from instituting a § 1983 action founded only on the claim that the assessments are unequal. A complete remedy for such a defect in a tax digest is already provided by state law as recognized in *Tax Assessors v. Chitwood,* supra. The overriding interests of the state in an efficient, expeditious and nondisruptive resolution of ad valorem tax disputes would be seriously impaired, if not destroyed, by the allowance of such suits.

This conclusion also leads us to rule against a suit for damages against a private company such as Yoh which has contracted with the county to do appraisal work needed for the ad valorem taxation process. Any irregularities in Yoh's appraisal work affecting

Creamer, 345 A2d 702 (Pa. 1975).

appellants would relate only to the equality of the tax assessments. Consequently, a § 1983 claim against Yoh for alleged appraisal derelictions in effect seeks to litigate the failure of the county tax digest to conform to legal requirements. The essence of such a claim is unequal taxation. All the persuasive factors militating against permitting § 1983 claims involving county tax officials also apply to a suit against a private company whose appraisal work is performed under the auspices of those officials.

In view of the expeditious and adequate statutory procedures already provided to the taxpayer, a § 1983 action would unduly harass those charged with executing the tax laws. It would disrupt the process of local taxation and create burdensome and unnecessary chaos in local government. We hold that a § 1983 claim is not available under Georgia law where the defendants are county taxing authorities or companies working under contract such as Yoh and the basis for the claim is unequal or nonuniform imposition of ad valorem taxation. *Chitwood* and its progeny point out the current remedies provided by state law and these must be followed unless the General Assembly provides new remedies. The trial court correctly granted summary judgment in favor of the Yoh Company.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1976 — DECIDED MARCH 11, 1976.

*Bennett, Gilbert, Gilbert, Whittle, Harrell & Gayner, John M. Gayner, III,* for appellants.

*Arthur K. Bolton, Attorney General, Gary B. Andrews, Assistant Attorney General, Miller, Beckmann & Simpson, John B. Miller, Lamar W. Davis, Jr., Taylor, Bishop & Lee, James A. Bishop, Cowart, Sapp & Gale, Robert A. Sapp,* for appellees.