**Lewis W. SPILLER, Plaintiff,**

v.

**TENNESSEE TRAILERS, INC., and G.D. Adams Company, Defendants.**

Civ. A. No. C 82–457 A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 21, 1982.

Clifton S. Fuller, Jr., Norcross, Ga., for plaintiff.

Joseph W. Watkins, Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., for defendants.

## ORDER

VINING, District Judge.

This is a products liability action in which the plaintiff alleges that he was severely injured when the wench rope connected to a boat trailer broke, resulting in the boat striking him in the left eye. The plaintiff purchased the boat trailer from G.D. Adams Company, a corporation incorporated in Georgia with its principal place of business here as well. The boat trailer was manufactured by defendant Tennessee Trailers, Inc., a corporation incorporated in Tennessee with its principal place of business there. Now before the court are the plaintiff's motion to amend the complaint by striking G.D. Adams Company as a defendant on the ground that it is not an indispensible party and the defendant's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

Jurisdiction in this action is prefaced on 28 U.S.C. § 1332(a), which requires complete diversity of citizenship between the plaintiff and the defendants. The plaintiff is a citizen of Georgia. Tennessee Trailers, Inc., is a Tennessee corporation; however, G.D. Adams Company is a Georgia corporation, and joinder of it as a defendant would deprive this court of its jurisdiction.

In making a determination of indispensibility, the court is guided by the general principal that pragmatic concerns, especially the effect on the parties and on the litigation, control any decision on joinder. *Smith v. State Farm Fire & Casualty Co.*, 633 F.2d 401 (5th Cir.1980); *Morrison v. New Orleans Public Service, Inc.,* 415 F.2d 419 (5th Cir.1969); *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885 (5th Cir.1968). Consideration of joinder or dismissal of the action under Rule 19 involves a two-fold analysis. First, the court must determine whether the party in question is one who should be joined under the standards set forth in Fed.R.Civ. P. 19(a). *A.J. Kellos Construction Co. v. Balboa Insurance Co.*, 495 F.Supp. 408 (S.D.Ga.1980). If so, the court must then ascertain whether joinder would deprive it of subject matter jurisdiction. Second, if joinder is not possible under Rule 19(a), the court must then look to Rule 19(b) and applying the enumerated factors, decide whether "in equity and good conscience" the action should proceed. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1967). *See also Challenge Homes, Inc. v. Greater Naples Care Center, Inc.*, 669 F.2d 667 (11th Cir.1982). If the court concludes that the action should not go forward without the person described in Rule 19(a) after careful consideration of the factors in Rule 19(b), the absentee is then regarded as indispensible, and the action must be dismissed. *Haas v. Jefferson National Bank*, 442 F.2d 394 (5th Cir.1971); *Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir.1970). *See also* C. Wright & A. Miller, Federal Practice and Procedure, § 1610.

In ascertaining whether G.D. Adams Company is an indispensible party, this court first examines Rule 19(a) to determine if it is needed for a just adjudication of the action. Rule 19(a)(1) provides that joinder should be allowed if, in the person's absence, complete relief cannot be accorded among those already parties. In his complaint, the plaintiff proceeds under the the-

ories of negligence, strict liability in tort, and breach of warranty with respect to the allegedly defective wench rope on the boat trailer purchased from G.D. Adams Company and manufactured by Tennessee Trailers, Inc. Georgia law explicitly requires privity of contract in an action for breach of both express and implied warranties, requiring that the retailer as well as the manufacturer of an allegedly defective product be a party. *Stewart v. Gainesville Glass Company,* 233 Ga. 578, 212 S.E.2d 377 (1975); *Ellis v. Rich's, Inc.,* 233 Ga. 573, 212 S.E.2d 373 (1975); *Evershine Products, Inc. v. Schmitt,* 130 Ga.App. 34, 202 S.E.2d 228 (1973). The defendant mistakenly contends that in a breach of warranty action, the plaintiff can proceed only against G.D. Adams. The privity requirement under Georgia law provides that the manufacturer may be sued under a breach of warranty theory; however, the retailer must also be sued in the same action. Without G.D. Adams Company as a party to this action, complete relief cannot be accorded to the parties with respect to the breach of warranty claim, since G.D. Adams Company as the retailer/distributor must be a party in order for the plaintiff to recover.

Furthermore, Rule 19(a)(2)(ii) contemplates complete as opposed to partial relief to the parties before the court, as well as the preclusion of multiple lawsuits on the same subject matter. *Schutten v. Shell Oil Co., supra.* Rule 19 also looks to the conclusion of a particular dispute in one forum at one time. *Singleton v. Airco, Inc.,* 80 F.R.D. 467 (S.D.Ga.1978). It appears that G.D. Adams Company has played a crucial role in the events precipitating this lawsuit; defendant Tennessee Trailers further contends that a typical question in the case will be the respective roles played by the manufacturer and retailer in furnishing and installing the wench rope, which is the portion of the product which the plaintiff contends caused his injury. Since complete relief cannot be afforded to the parties with respect to the breach of warranty claim, G.D. Adams Company should be joined as a party defendant. This is not feasible, however, since its continued presence in this action destroys the court's diversity jurisdiction.

Therefore, this court must decide if the action should proceed with the parties before it or should be dismissed. Rule 19 provides:

The factors to be considered by the court include: first, to what extent a judgment rendered in a person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measure, the prejudice can be lessened or avoided; third, whether a judgment rendered in a person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

With respect to the first factor, prejudice to the plaintiff is rarely a consideration since the plaintiff has selected the forum and the parties. While it is true if the plaintiff has the right to control the litigation and to choose the forum and the parties, this right is defined by the rights of others. *Schutten v. Shell Oil Co., supra.* Like the considerations in Rule 19(a)(2)(ii), Rule 19(b) contemplates only one trial of the case and one forum; needless multiple litigation and avoidable inconsistent obligations are to be avoided if at all possible. Duplication of discovery would be necessary, and the cost of the litigation would be substantially increased if the issues were tried piecemeal rather than at one time. All of these considerations affect the private interests of the parties as well as that of the public in efficient non-competitive litigation. *Singleton v. Airco, Inc., supra.*

With respect to the second factor, this court is unable to fashion any relief with respect to the plaintiff's breach of warranty claim for the reasons discussed above. The third factor parallels the second, since the plaintiff cannot succeed on his breach of warranty claim without the presence of G.D. Adams Company as a defendant. Finally, this court can find no impediment, jurisdictional or otherwise, which would

prevent the plaintiff from initiating suit in state court, thereby giving him an adequate remedy. The statute of limitations for a breach of contract action is six years, Ga. Code Ann. § 3–705, and since the sale of the allegedly defective boat trailer occurred August 28, 1978, the statute of limitations provides no barrier to the filing of an action in state court.

Since the continued presence of G.D. Adams Company would destroy the court's diversity jurisdiction and the court in equity and good conscience cannot proceed without it, this action must be dismissed without prejudice for want of an indispensible party.