## 49724. BLANTON v. MOSELEY et al.

PANNELL, Presiding Judge.

1. Appellees have moved to dismiss this appeal because such is from the "judgment entered" in this action on May 30, 1974, granting plaintiff's motion for summary judgment. The record before us contains such a judgment signed by the trial judge and dated that date, but it was not filed with the clerk of the court until June 10, 1974. The later date constitutes the "entry" of such judgment. Ga. L. 1966, pp. 609, 662 (Code Ann. § 81A-158 (b)). The appeal was filed on June 17, 1974, and is timely filed. "[A] patently inadvertent misdescription of the judgment appealed from will not cause a dismissal of the appeal where an examination of the whole record clearly reveals the identity of the judgment from which appellant intended to take appeal." *Eubank v. Barber-Colman Co.*, 115 Ga. App. 217, 219 (154 SE2d 638). There was only one judgment granting plaintiff's motion for summary judgment. The motion to dismiss the appeal is denied.

2. Where one purchases realty from a landlord, he takes with notice of whatever right or title the tenant in possession at the time may have. Code § 85-408; *Dyal v. McLean*, 188 Ga. 229, 231 (3 SE2d 571).

3. That the tenant is in possession under a written lease for more than one year, signed only by the landlord, is immaterial where the landlord sells the property to a third party who seeks to evict the tenant on the ground that the lease is void under Code § 61-102, and that the tenant is a tenant at will (see *Alexander v. Rozetta*, 110 Ga. App. 660, 139 SE2d 451; Code §§ 20-401, 20-402; Code § 61-102), for the reasons that: (a) Code § 61-102 is but an extension of paragraphs 4 and 5 of Code § 20-401, and is in essence a portion of the Statute of Frauds and derived therefrom; (b) A plea or contention based on the Statute of Frauds is one personal to the parties to the agreement claimed to be within the statute (*Gilbert Hotel No. 22 v. Black*, 67 Ga. App. 221, 228 (19 SE2d 796)); and, (c) Where the lease is signed by the lessor, the party sought to be charged by the tenant in defense of his eviction by the purchaser, it was enforceable against the purchaser from

the landlord who took with notice thereof and of the tenant's legal rights thereunder. *Fraser v. Jarrett,* 153 Ga. 441 (1) (112 SE 487).

4. In our opinion, there is an additional reason why appellant must prevail. Assuming that the contract was initially within the Statute of Frauds under the facts of this case, the transaction falls within the exception to the statute that where there has been performance on one side, accepted by the other in accordance with the contract, the statute shall not apply. *Flagg v. Hitchcock,* 143 Ga. 379 (1, 2) (85 SE 125). So too, a contract even as to the sale of an interest in real estate may consist of an offer, acceptance, and performance. *Hall v. Wingate,* 159 Ga. 630 (1a) (126 SE 796).

A Mr. Herrin, the landlord in the instant case, unilaterally executed what was purportedly a trifurcated agreement to: (1) sell all the equipment in his barber shop to appellant for $2,000; (2) lease the barber shop for 5 years at a set monthly stipend effective January 1, 1968, and for an additional 5 years at an increased monthly rate, with an option to renew for an additional 5 years at the end of 10 years; and, (3) reconvey the title to the personalty to Mr. Herrin to secure a $1,500 balance on its purchase price payable in 3 yearly instalments, plus interest. Appellant moved into the premises and remained in possession for an excess of 5 years before institution of the proceedings below. Therefore, we presume that he has met all of his obligations and that such have been accepted by the landlord in the absence of proof by the movant for summary judgment that no such performance occurred. Similarly, we also note that it appears that appellant entered into the purchase of the personalty with the intention of operating a barber shop for at least 10 years. Curtailment of his operations, therefore, would indicate a potential loss to him. Accordingly, we are of the opinion that sufficient performance by appellant exists to take this case without the Statute of Frauds so as not to require the lease to be in writing. *Bentley v. Smith,* 3 Ga. App. 242 (3) (59 SE 720); *Alexander-Seewald Co. v. Marret,* 53 Ga. App. 314 (2) (185 SE 589). Appellee, having notice of appellant's occupancy and lease, would still take subject to the latter

and appellant's legal rights, as was held in Headnote 3, supra.

*Judgment reversed. Evans and Webb, JJ., concur.*

ARGUED OCTOBER 2, 1974 — DECIDED OCTOBER 23, 1974.

*Gibbs & Leaphart, J. Alvin Leaphart,* for appellant.
*Zorn & Royal, J. Kenneth Royal,* for appellees.