30430. STYERS et al. v. PICO, INC. et al.

GUNTER, Justice.

This appeal involves a rather unusual procedural situation. In 1974 appellants sought to foreclose under a power of sale contained in a security deed. Appellees filed Civil Action No. 76916 in DeKalb Superior Court to enjoin the foreclosure. On March 1, 1974, the trial judge entered a temporary restraining order prohibiting the foreclosure until further order of the court. Appellants then removed the action to the United States District Court for the Northern District of Georgia. Appellees made a motion to remand to the state court which was denied by the United States District Judge. Thereafter the removed action then pending in the United States District Court was, by stipulation of the parties, dismissed without prejudice.

In June, 1975, the appellants caused foreclosure advertisements to be published, the foreclosure sale to take place on July 1, 1975. On June 30, 1975, the trial judge before whom Civil Action No. 76916 had been pending in 1974 entered, apparently on his own motion, an order temporarily restraining the foreclosure sale on July 1, 1975, and ordering the appellants to show cause "why they should not be held in contempt of this Court for failure to comply with the order of this court entered in the above-styled action (No. 76916) on March 1, 1974." This order, though dated June 30, 1975, was filed July 1, 1975.

Appellants then moved in the trial court that the order dated June 30, 1975, be vacated because Civil Action No. 76916 which had originated in the DeKalb Superior Court had been terminated by dismissal without prejudice in the United States District Court after removal and after denial by the United States District Court of a motion to remand the case.

Appellants also contended that the temporary restraining order dated March 1, 1974, in Case No. 76916

had expired pursuant to Code Ann. § 81A-165 (b), and that they could not be in contempt of that expired temporary restraining order.

The trial judge, after a hearing, entered a judgment filed August 18, 1975, which held that the removal of Civil Action 76916 to federal court and its dismissal there by stipulation and without prejudice had the effect of reactivating No. 76916 in the Superior Court of DeKalb County; and this judgment further refused to vacate the judgment dated June 30, 1975 in No. 76916 that prohibited the foreclosure sale.

Appellants have come here for review, and they contend that No. 76916 in DeKalb Superior Court terminated in the state court upon removal and denial by the federal court of a motion to remand; they contend that the dismissal by stipulation without prejudice in the federal court did not have the effect of reactivating No. 76916 in DeKalb Superior Court; and they contend that the judgment dated June 30, 1975 and the judgment filed August 18, 1975 in No. 76916 in DeKalb Superior Court were erroneous.

We agree with the appellants and reverse the judgment below.

The procedure for removal of a case from state to federal court is set out in 28 USCA § 1446. Subsection (e) provides that after removal "the state court shall proceed no further unless and until the case is remanded."

There is substantial case precedent that removal to a federal court pursuant to 28 USCA § 1446 halts all further proceedings in the state court, which thereupon loses jurisdiction unless and until the case is remanded. See, e.g., Chesimard v. Kuhlthau, 370 FSupp. 473 (D N. J. 1974); Sands v. Geller, 321 FSupp. 558, 559 (SDNY 1971); Fossey v. State, 254 Ind. 173 (258 NE2d 616) (1970); State v. NAACP, 90 S2d 884 (La. App. 1956); Hopson v. North American Ins. Co., 71 Idaho 461 (233 P2d 799) (1951). Further, as the United States Supreme Court held in Kern v. Huidekoper, 103 U. S. 485 (1881), any proceedings in a state court after removal of a case to federal court are null and void and must be vacated. The only exception occurs when a case is subsequently shown not to have been removable.

There is also authority that a dismissal in federal court, unlike a remand, brings a final conclusion to the case. As the Second Circuit stated in A. B. Dick Co. v. Marr, 197 F2d 498, 502 (cert. den. 344 U. S. 878, reh. den. 344 U. S. 905) (1952): "[D]ismissal of a suit leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought, Maryland Casualty Co. v. Latham, 5 Cir., 1930, 41 F2d 312, 313, thus vitiating and annulling all prior proceedings and orders in the case, and terminating jurisdiction over it for the reason that the case has become moot . . ."

It follows that the trial court was without jurisdiction in No. 76916 to enter the judgment dated June 30, 1975, and the judgment filed August 18, 1975.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 15, 1975 — DECIDED FEBRUARY 11, 1976.

*Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr.,* for appellants.
*Glenville Haldi, Sr.,* for appellee.