51955. PICO, INC. v. MICKEL et al.

STOLZ, Judge.

This is the second appearance of this case in the appellate courts of this state. For a background of the present appeal see *Styers v. Pico, Inc.,* 236 Ga. 258 (223 SE2d 656).

The present appeal arises from an action filed by the appellees, as payees of a note, against the appellant-maker, seeking judgment on the note in the sum of $5,534,667.73 principal, interest from May 30, 1975 at the rate of $2,095.75 per day (15% annually), and 10% attorney fees, and a special lien on the property described in the deed to secure the debt. The note sued on is a different one from that sued on in the *Styers* case, supra, but the property securing both notes is the same.

On December 3, 1975, the trial judge signed separate orders, denying the defendant's motion to dismiss and granting the plaintiffs' motion for summary judgment. Both orders were filed with the clerk ("entered," under the provisions of Code Ann. § 81A-158 (b) (Ga. L. 1966, pp. 609, 662)) on December 4, 1975. The defendant appeals from "the order and judgment *entered* in this action on December *3,* 1975." (Emphases supplied.)

1. Although the record contains no orders bearing an entry date of December *3,* 1975, the appellant's use of the signing date rather than the entry date was a patently inadvertent misdescription of the judgments appealed from, which does not require dismissal of the appeal, since an examination of the whole record, including the enumeration of errors, clearly reveals the identity of the judgments from which the appellant intended to take appeal to be those entered on December 4, 1975. See *Blanton v. Moseley,* 133 Ga. App. 144 (1) (210 SE2d 368) and cits.

2. The denial of the defendant's motion to dismiss, on the ground of the alleged pendency of the former action in DeKalb Superior Court (*Styers v. Pico, Inc.,* supra), was

not error. Under the holding in *Styers,* the parties' dismissal of the former suit in the federal district court brought a final conclusion to the case, leaving the situation so far as procedures therein are concerned the same as though the suit had never been brought, thus vitiating and annulling all prior proceedings and orders in the case, and terminating jurisdiction over it, both in the federal and state courts. The other ground of the motion was not argued on appeal, and is deemed abandoned.

3. The note is not subject to any of the infirmities contended by the appellant. The note provides in part: "Should this note become due either in due course or by acceleration of its maturity, or if an event of default occurs under the security deed, *recourse shall only be had to the premises conveyed by the security deed and to the rents and profits therefrom."* (Emphasis supplied.) The italicized portion of the above provision does not mean, as the appellant contends, that the appellees are limited in their remedy to an equitable action in rem against the property, rather than an action at law against the maker, as was here brought. Rather, it merely limits the property which can be subjected to the lien to secure the indebtedness to that described in the deed to secure debt. That this is the meaning of the provision, can be seen by the italicized portion of the immediately following provision, i.e., "If the premises should be sold pursuant to the security deed *or pursuant to a judgment obtained against the maker,* and same does not produce an amount sufficient to pay this note in full, the holder shall not seek and shall not be entitled to obtain any deficiency judgment against the maker." (Emphasis supplied.)

The above quoted provision, rather than creating an ambiguity by conflicting with the first-quoted provision, as the appellant urges, merely states the existing law on this subject. "A creditor who holds a promissory note secured by a deed is not put to an election of remedies as to whether he shall sue upon the note or exercise a power of sale contained in the deed, but he may do either, or 'pursue both remedies concurrently until the debt is satisfied.' " *Oliver v. Slack,* 192 Ga. 7 (2) (14 SE2d 593); *Norwood &c. Co. v. First Fed. S. & L. Assn.,* 99 Ga. App. 692 (1) (109

SE2d 844). "The plaintiff's case is one at law to recover a judgment for the amount of principal and interest alleged to be due [it] by the defendant on a promissory note, and this is true notwithstanding the fact that the petition contained a prayer that the judgment be declared a special lien upon the property described in a deed which the defendant had executed and delivered to [it] as security for the obligation sued on. The prayer for a special lien is surplusage, and does not have the effect of changing the character of the action from one at law to one in equity, since all that is essential to the enforcement of the lien created by security deed is the rendition of a general judgment, reconveyance of title by the vendee to the defendant for the land embraced therein, and proof aliunde that such judgment was rendered upon the secured debt. Code, § 67-1501; *Edenfield v. Bank of Millen,* 7 *Ga. App.* 645 (67 S.E. 896); *Carlton v. Reeves,* 157 *Ga.* 602 (3) (122 S.E. 320); *Burgess v. Ohio National Life Insurance Co.,* 177 *Ga.* 48, 52 (169 S.E. 364)." *Sampson v. Vann,* 203 Ga. 612, 616 (48 SE2d 293).

It appearing on the motion for summary judgment that there is no genuine issue of material fact and that the plaintiffs were entitled to judgment on the valid note in the amounts sought, the grant of the summary judgment for the plaintiffs was proper. The judgment was not uncertain or indefinite merely because it did not state the exact sums to be paid in dollars and cents. "It is fundamental that a judgment should be certain and definite, *or be capable of being made so by proper construction* . . . A verdict or judgment for a given sum as principal with interest thereon from a given date, has always been regarded as not wanting in certainty." (Emphasis supplied.) *Moody v. Muscogee Mfg. Co.,* 134 Ga. 721, 732 (68 SE 604). The pleadings in the present case pray for a specific sum of principal, a specific amount and percentage of interest from a specified date, and a specific percentage for attorney fees. The judgment, properly construed, is for the amounts sought by the complaint, which, though not specified in the judgment, can be calculated with certainty by reference to the complaint.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED APRIL 5, 1976 — DECIDED APRIL 29, 1976 — REHEARING DENIED JUNE 9, 1976 —

*Arnall, Golden & Gregory, Edward S. Sams, Thomas R. Todd, Jr.,* for appellant.

*Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr., Paul Oliver,* for appellees.