## 33681. CROSBY v. JONES.

UNDERCOFLER, Presiding Justice.

Irene Crosby seeks specific performance of a contract involving the sale of timber rights. The trial court granted Eula Jones' motion for summary judgment on the ground that the deed under which Irene Crosby claims title through her deceased husband, Ernest, was testamentary in character, was never probated, and therefore was ineffective to pass any title to her husband. We reverse.

1. Laura Crosby, the plaintiff's mother-in-law, deeded forty acres to her son, Ernest Alton Crosby, in 1937, with the following language included in it: "Title use and occupancy of the land herein conveyed shall not pass to this Grantee until the death of the Grantor." In 1945, Laura Crosby deeded a one hundred acre tract, which included the forty acres now claimed by Irene Crosby, to Miss Clyde Crosby, her daughter and the sister of Ernest Crosby. This deed was recorded in 1945. Laura Crosby died in 1947 and Ernest then recorded his deed from her.

Clyde Crosby died in 1973, leaving by will all her

property to Eula C. Jones. A deed reflecting this transfer was recorded in September, 1973.

Thereafter, Irene alleges that Ernest and Eula agreed to pool their land to sell the timber rights to Union Camp. Pursuant to this oral agreement, Ernest quitclaimed his interest to Eula, who then consummated the transaction with Union Camp. It is stipulated that Ernest supervised the timbering project, and that Eula paid Ernest one-half of the proceeds from the first two installments paid by Union Camp in October, 1973, and in June, 1974. Ernest died November 19, 1974. Irene, his widow, brought this suit to collect Ernest's share of the remaining payments and for reconveyance of the forty acres of property, which return Irene alleges was also part of the agreement.

The trial court's grant of summary judgment in favor of Eula was improper. Although the deed is testamentary in character (*Gardner v. Thames,* 223 Ga. 378 (154 SE2d 926) (1967)), Eula failed to negate affirmatively Irene's claim of title to the 40 acres of land. Irene's pleadings allege sufficient facts to raise other issues, which may be determinative of her right to the land and are not precluded by the testamentary nature of the deed. Two examples are adverse possession (Code Ann. §§ 85-406, 85-407), and estoppel by deed (*Sudderth v. Bailey,* 239 Ga. 385 (236 SE2d 823) (1977); *Williams v. Harris,* 207 Ga. 576 (63 SE2d 386) (1951)). Since Eula failed to produce any evidence on these issues, she has failed to pierce Irene's pleadings and summary judgment was improperly granted.

2. The trial court also granted summary judgment to Eula on the basis that the alleged agreement between Ernest and Eula was not in writing. She therefore claims that any such agreement is unenforceable under the Statute of Frauds, Code Ann. § 20-401, and, further, that Irene cannot prove such an agreement existed without violating the hearsay rule. It is clear that there has been part performance of the contract, which removes it from the Statute of Frauds. Code Ann. § 20-402. We express no opinions on the hearsay issue, since none of these witnesses have yet testified. Division 1 of *Moore v. Atlanta Transit System,* 105 Ga. App. 70 (123 SE2d 693)

(1961), is inapplicable since the alleged hearsay is not the only evidence of an agreement between the parties. The two payments, stipulated paid to Ernest by Eula, are examples. The trial court erred in granting summary judgment on these grounds.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 19, 1978 — DECIDED JULY 6, 1978.

*Groover & Childs, Denmark Groover, Jr.,* for appellant.

*Charles W. Heath,* for appellee.