## 35549. JONES v. CROSBY.

BOWLES, Justice.

Irene Crosby, plaintiff below, appellee here, filed her suit in equity against Eula Jones, defendant below, appellant here, in which she prayed for an accounting of the proceeds of certain timber cut, a declaration that she was the owner of a specified 40 acre tract of land, and cancellation of a quitclaim deed which her husband, E. A. Crosby, had made to his sister Eula Jones, during her husband's lifetime. Initially the trial court granted summary judgment in favor of Eula Jones which was reversed on appeal to this court. *Crosby v. Jones,* 241 Ga. 558 (246 SE2d 677) (1978). There we held that the deed into plaintiff's husband, E. A. Crosby, was testamentary in character and not sufficient to support a claim of title for that reason. We went on to say that the defendant had failed to negate affirmatively the plaintiff's claim of title to the 40 acres involved because her pleadings alleged sufficient facts to raise other issues, which may be determinative of her right to the land and were not precluded by the testamentary nature of the deed. The principal relief sought by plaintiff was specific performance of an agreement involving the sale of timber rights, and specific performance of an agreement that the equitable title to the tract of land involved remain in plaintiff's husband E. A. Crosby and be available for the benefit of his heirs. At the close of the evidence, defendant moved for a directed verdict "upon the ground that the plaintiff has introduced no testimony whatever to show

that there was an agreement between her husband Earnest Alton Crosby and Eula C. Jones whereby they would pool their property or Alton would convey his property, and she would sell the timber on all of it, and divide the proceeds up equally to him, and convey it back to her." The trial court overruled this motion and submitted the issues to a jury. A verdict was returned in favor of the plaintiff also awarding her $1,000 as an unaccounted for portion of the sale of the timber from the land. The trial court then entered judgment awarding to the plaintiff the fee simple title to the specified 40 acre tract of land and $1,000 damages. Defendant's motion for judgment n.o.v. or in the alternative a new trial was denied and she appeals to this court.

We reverse.

The principal averments of plaintiff's complaint allege that she was the widow of E. A. Crosby who died intestate and was his sole heir; no administration necessary had been granted to her on her husband's estate; her husband's mother conveyed to him a certain 40 acre tract of land provided he would pay the indebtedness on the same and provide her with a home; that tract was part of a larger tract; another conveyance under similar circumstances was made to another child Laura Crosby which was subsequently acquired by the defendant; plaintiff's husband and defendant agreed to pool their respective interests in the larger tract of land of which the 40 acres conveyed to her husband was a part, so as to sell the timber; her husband gave to defendant-appellant an instrument indicating such interest; as part of that argreement between plaintiff's husband and defendant the timber would be sold in the name of defendant; pursuant to the agreement defendant conveyed the timber for $23,000; plaintiff's husband would share equally in the proceeds from the sale, and although collected, the proceeds had not been remitted; plaintiff's husband would oversee the cutting which he did up to the time of his death; it was the intention of the parties that equitable title to the property which plaintiff's husband conveyed would remain in her husband and be available for the benefit of his heirs at law who are now determined to be only the plaintiff. Most of the facts were either

admitted or were proven by the plaintiff by testimony and documents, but the defendant specifically denied that there was any agreement to share the proceeds from the sale of the timber and specifically denied that there was any agreement that the title to the land in question be held for the benefit of E. A. Crosby's heirs.

It was essential that plaintiff prove the agreement in order to prevail. Plaintiff had the burden of proving her contentions. The evidence is sufficient for the jury to find that the first installment of the timber sale was divided between the defendant and plaintiff's husband in equal parts, and the second installment was divided in near equal parts. Further, plaintiff's husband participated to some extent in the sale of the timber and the cutting of the same. This is the practical limit of plaintiff's testimony as far as an agreement is concerned. Averments in her complaint which are denied are not evidence, and have no probative value. See in this regard *Davis v. Gaskins*, 137 Ga. 450 (5) (73 SE 579) (1912). Nowhere does it appear that plaintiff at any time put up any evidence to show that the defendant Eula Jones and plaintiff's husband E. A. Crosby made an agreement as she contended in her complaint. She only offered herself as a witness to support this essential element. Evidence in her behalf in support thereof was self-contradictory, vague and equivocal. This being true her testimony must be construed most strongly against her. *Pierce v. Pierce*, 241 Ga. 96, 98 (243 SE2d 46) (1978); *Lewis v. Dan Vaden Chevrolet, Inc.*, 142 Ga. App. 725, 728 (236 SE2d 866) (1977); *Bullard v. Bullard*, 214 Ga. 122 (2) (103 SE2d 570) (1958). Even that version of her testimony most favorable to her contentions would not allow her to prevail.

The trial court erred in refusing to grant defendant-appellee's timely motion for a directed verdict, and in turn erred in refusing to honor appellant's motion for judgment n. o. v.

*Judgment reversed. Nichols, C. J., Undercofler, P. J., Jordan, Hill and Marshall, JJ., and Judge Charles L. Weltner, concur.*

ARGUED NOVEMBER 19, 1979 — DECIDED DECEMBER 5, 1979.
REHEARING DENIED DECEMBER 20, 1979.

*C. W. Heath,* for appellant.
*Tom K. Smith,* for appellee.