59304. DURHAM v. WARE et al.

SHULMAN, Judge.
Upon discovering that the vendor did not have title to a portion of a tract of land purchased by appellant, appellant brought this action against his lawyer (and his lawyer's partners), alleging that the lawyer negligently

certified as marketable the title to the land which appellant purchased. The recovery sought was the sums "invested" in the property. This appeal is from the grant of partial summary judgment to appellees, limiting any recovery to the relative value on the date of sale of any acreage proven by appellant to have been lost by reason of the alleged negligence of appellees, with interest. We reverse.

Appellees insist that Code Ann. § 29-202 defines the measure of damages in this case and that the trial court properly granted summary judgment based thereon. However, Code Ann. § 29-202 clearly deals with the rights of a purchaser against the vendor. See *Beaullieu v. Atlanta Title &c. Co.*, 60 Ga. App. 400 (4 SE2d 78).

The proper measure of damages in a case such as the present case is stated in *Hill v. Cloud*, 48 Ga. App. 506 (1) (173 SE 190): "An attorney at law employed to examine title to real estate who negligently fails to report an existing [title imperfection] is liable to his client for the *actual damages* sustained as a result of the attorney's negligence. [Cit.]" (Emphasis supplied.)

While it is likely that the value of the land alleged to have been lost through the negligence of appellees will comprise a portion of the damages to be proven at trial, the order of the trial court, limiting the total potential recovery to that single element, was too restrictive. Without considering all evidence of damage, it cannot be said, as a matter of law, that appellant has not suffered other actual damages.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JANUARY 9, 1980 — DECIDED MARCH 4, 1980 —

*Stuart A. Kurtz,* for appellant.
*Barry S. Mittenthal, John E. Talmadge,* for appellees.