## 36210. WARE et al. v. DURHAM.

NICHOLS, Justice.

Certiorari was granted to review the entire decision of the Court of Appeals in *Durham v. Ware,* 153 Ga. App. 701 (266 SE2d 342) (1980), which allowed a purchaser of realty to recover "actual damages" from his closing attorneys rather than limiting the sum recoverable from the attorneys to the amount that could have been recovered by the purchaser from the seller pursuant to Code Ann. § 29-202 had the purchaser sought damages from the seller for failure of title to a part of the tract instead of seeking rescission.

1. The closing attorneys insist that an attorney sued for malpractice stands in the shoes of the person against whom his former client sought or could have sought relief. Accordingly, they contend that their former client can recover from them no more than he could have recovered from the seller under Code Ann. § 29-202, that is, "the relative value of the land so lost."

Where the alleged malpractice is loss of a claim, the former client's recovery against the former attorney properly is limited by the amount that would have been recovered from the defendant or the potential defendant. *McDow v. Dixon,* 138 Ga. App. 338 (226 SE2d 145) (1976); 7A CJS 505, Attorney & Client, § 273. However, where the alleged malpractice, as in the present case, consists of allegedly negligent examination or certification of title to real estate, the rule that has been recognized in Georgia and elsewhere is that the former client may recover from the attorney his "actual damages." *Hill v. Cloud,* 48 Ga. App. 506 (1) (173 SE 190) (1933); 7A CJS 506-507, Attorney & Client, § 273. The Court of Appeals did not err in applying the "actual damages" rule.

2. The Court of Appeals assumed for purposes of its decision that the claim against the closing attorneys was predicated upon loss of a part of the land. The former client contended in the Court of Appeals and contends in this court that he rescinded the purchase agreement because his development plans require that he have title to the entire tract. The closing attorneys contended in the Court of Appeals, and predicate their argument in this court, upon an assertion that their former client remained in possession of the property, subsequently disposed of the property, and retained the benefits he received as a result of this sale or disposal. Code Ann. § 29-202 specifically allows purchasers to claim "either a rescission of the entire contract, or a reduction of the price according to the relative value of the land so lost."

The former client's affidavit in opposition to the attorneys' motion for partial summary judgment states that he "rescinded the

entire deal." The closing attorneys did not produce evidence or testimony to the contrary, by affidavit or otherwise, tending to show that their former client did not rescind. They took this position in their briefs and in the trial court, as well as in their briefs in the Court of Appeals and in this court, but did not support their assertions with proof. The burden of establishing the nonexistence of any issue of material fact was on the attorneys as movants for summary judgment. Contrawise, the evidence regarding the former client's rescission must be construed in his favor, as respondent to the motion, and all doubts must be resolved against the movants. A material issue of fact thus remained in the case as to whether or not the former client had rescinded the purchase agreement. *Taylor v. Taylor,* 243 Ga. 506 (255 SE2d 32) (1979); *Crosby v. Jones,* 241 Ga. 558 (246 SE2d 677) (1978); *Ham v. Ham,* 230 Ga. 43 (195 SE2d 429) (1973). Accordingly, the trial court erred in treating the case as one in which the former client sought to retain a part of the land, or the proceeds from the sale of a part of the land, while suing for the purchase price of the entire tract plus certain expenses. For these reasons alone the Court of Appeals would have been correct in reversing the partial grant of summary judgment.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

ARGUED JUNE 2, 1980 — DECIDED
JUNE 25, 1980.

*John E. Talmadge, Barry S. Mittenthal,* for appellants.
*Stuart A. Kurtz,* for appellee.