67363, 67364. ALSTON v. STUBBS (two cases).

POPE, Judge.

Appellant Raymond Alston brought this action against appellee M. Francis Stubbs alleging negligence in the performance of certain legal services provided by appellee. Appellant sought recovery of legal expenses incurred in the defense of a third-party action against him, the return of certain attorney fees paid to appellee, and attorney fees and costs of this action. Appellant brings this appeal from the trial court's grant of appellee's motion to dismiss for failure to state a

claim.

The facts of this case are essentially without dispute. In July of 1978 appellee, a practicing attorney, prepared a will for appellant's aunt, Blanche Smith. Appellant was named the executor and the sole heir under this will. Blanche Smith died on July 30, 1978. Appellee was retained by appellant to handle the probate of Blanche Smith's will. At the time of her death, Blanche Smith owned certain real estate located in Tattnall County, Georgia.

Appellee probated the will in common form on November 6, 1978. In order to liquidate the debts of the estate of Blanche Smith and upon the advice of appellee, appellant sold the Tattnall County real estate to H. Earl Jones in March of 1979. The purchase price was $21,280. Sea Island Bank financed the purchase of this property by Jones, and Jones issued a deed to secure debt to the bank. Appellee provided a title opinion certifying that good title was vested in Jones as a result of the purchase of the property from appellant. A portion of the proceeds from the sale of the property was given to Blanche Smith's surviving husband, Rufus Smith.

Rufus Smith filed a caveat to the probate of the will in common form and judgment was entered on the caveat declaring the will of Blanche Smith to be invalid on May 7, 1980. On February 1, 1981 Rufus Smith filed suit against H. Earl Jones and the Sea Island Bank seeking that he be declared the fee simple owner of the property sold by appellant to Jones and that Jones and the Sea Island Bank be ejected from said property. The action of Rufus Smith was Civil Action No. 81-54 in the Superior Court of Tattnall County.

H. Earl Jones answered Rufus Smith's complaint and filed a third-party complaint against appellant Alston and appellee Stubbs, praying that if judgment be entered in favor of Rufus Smith against Jones that judgment should be entered for Jones against Stubbs and Alston in the amount of $21,280 plus any other damages. Appellant retained a law firm to represent him in Civil Action No. 81-54 and incurred expenses amounting to $3,303.17 in defending the third-party claim.

On July 15, 1982 a jury returned a verdict in favor of Jones and Sea Island Bank, finding that Rufus Smith was estopped from asserting fee simple ownership to the subject real estate since he had received proceeds of the sale of the property with knowledge of the fact that the proceeds were from the sale of the subject property. See in this regard *Stubbs v. Smith*, 248 Ga. 768 (285 SE2d 720) (1982). Judgment in Civil Action No. 81-54 was entered on August 11, 1982.

Appellant filed this action against appellee on August 19, 1982 seeking to recover $3,303.17 for the expenses incurred in defending Civil Action No. 81-54; $1,250 paid to appellee as attorney fees in representing the estate of Blanche Smith; and the attorney fees and costs

of this action. The complaint alleged negligence on the part of appellee in certifying the title to the real estate knowing that the title to the real estate had passed to appellant through a probate in common form, in violation of the State Bar of Georgia Title Standards.[1] Appellant further alleged that Civil Action No. 81-54 was a direct and proximate result of appellee's negligence and that the costs incurred in defending the third-party claim in Civil Action No. 81-54 were actual damages growing from this negligence.

1. It is clear from the complaint that appellant's prayer for attorney fees and costs of the case at bar is based upon allegations of bad faith and having caused appellant unnecessary trouble and expense which do not arise out of the instant action but, rather, are premised upon Civil Action No. 81-54. Since the recovery of such expenses of litigation pursuant to OCGA § 13-6-11 may not be had where such expenses do not arise out of the present action, the trial court properly dismissed appellant's complaint based on this ground. See *Liberty Mut. Ins. Co. v. Coburn*, 132 Ga. App. 859, 862 (209 SE2d 655) (1974).

2. Since appellant's prayer for return of the attorney fees paid to appellee for the probate of the will of Blanche Smith is not based upon fraud (cf. *Mann v. Showalter*, 145 Ga. 268 (2) (88 SE 968) (1916)) or appellee's failure to render service (see OCGA § 15-19-12), the trial court did not err in dismissing this portion of the complaint.

3. Appellant's remaining prayer seeks recovery for legal expenses he incurred in his third-party defense of Civil Action No. 81-54. Relying upon the Title Standards of the State Bar of Georgia to set forth that degree of care and skill such as is ordinarily exercised by members of the legal profession under conditions and circumstances similar to those in this case,[2] appellant's prayer is premised upon appellee's breach of duty in failing to probate the will of Blanche Smith in solemn form, rather than common form, and in negligently certifying title to Blanche Smith's Tattnall County real estate under this circumstance. As the result of this alleged negligence, appellant asserts he was required to defend a third-party action based upon the war-

---

[1] The State Bar of Georgia Title Standard 11.14 provides in pertinent part: "Where a decedent leaves a will which has been probated in common form, it is conclusive after the passage of seven years except as against minor heirs. . . . Title which is obtained through the probate of a will in common form should not be accepted unless proof is obtained that all heirs were of age at the time of the probate and seven years have passed. The probate of the will in solemn form should be required where seven years have not elapsed or proof should be obtained as to the identity of all heirs and the appropriate deeds should be obtained from all heirs." Code Ann. Ch. 85-2 Appen.

[2] "A title standard is a statement officially approved by a bar association, which declares the answer to a question or a solution of a problem involved in the process of title examination. It is *not* a law, but gains its effect from voluntary compliance by lawyers." Code Ann. Ch. 85-2 Appen., Introduction at 21.

ranty deed to the Tattnall County property which he executed to H. Earl Jones, thus incurring legal expenses amounting to $3,303.17. Compare *East River Savings Bank v. Steele*, 169 Ga. App. 9, 11 (311 SE2d 189) (1983), wherein this court held that an alleged violation of a rule of the Code of Professional Responsibility, *standing alone,* could not serve as a legal basis to support a civil action seeking money damages based on an intentional infliction of emotional distress. See also *Tingle v. Arnold, Cate & Allen*, 129 Ga. App. 134 (3) (199 SE2d 260) (1973).

"[W]here the alleged malpractice, as in the present case, consists of allegedly negligent examination or certification of title to real estate, the rule that has been recognized in Georgia and elsewhere is that the former client may recover from the attorney his 'actual damages.' [Cits.]" *Ware v. Durham*, 246 Ga. 84 (1) (268 SE2d 668) (1980). Appellee argues that what appellant seeks here is indemnity and, because appellant was successful in his defense in Civil Action No. 81-54, appellant has suffered no "actual damages." Indeed, the record discloses that in addition to appellant's answer to the third-party complaint in Civil Action No. 81-54, appellant cross-claimed against appellee for indemnity. See generally 42 CJS, Indemnity § 21. However, in the case at bar appellant is not seeking " 'reimbursement, restitution, or compensation' " (*Travelers Ins. Co. v. Ga. Power Co.*, 51 Ga. App. 579, 583 (181 SE 111) (1935)) from appellee because of damages appellant was required to pay a third party on account of appellee's negligence. Appellant was ultimately successful in his defense of Civil Action No. 81-54 and thus incurred no such damages. Rather, the recovery sought in the case at bar is for legal malpractice, not indemnity. See, e.g., *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 167 Ga. App. 411 (2) (306 SE2d 340) (1983), affd. 252 Ga. 149 (311 SE2d 818) (1984). See also Trimboli v. Kinkel, 226 N.Y. 147, 153 (123 NE 205, 207; 5 ALR 1385) (1919), wherein the court held: "Costs of litigation are not chargeable as damages unless reasonably incurred." It follows that the trial court erred in dismissing this portion of appellant's complaint. See generally *Snooty Fox, Inc. v. First American Investment Corp.*, 144 Ga. App. 264, 265 (241 SE2d 47) (1977).

*Judgment affirmed in part; reversed in part. Quillian, P. J., and Sognier, J., concur.*

DECIDED MARCH 7, 1984 —
REHEARING DENIED MARCH 21, 1984 — ▮▮▮▮▮▮▮▮

*Dana F. Braun*, for appellant.

*James M. Thomas, James Matthews*, for appellee.