## 69981. KIRBY v. CHESTER.
(331 SE2d 915)

BEASLEY, Judge.

This is an appeal from the grant of summary judgment to the defendant in a legal malpractice action.

Jones asked appellant Kirby to personally loan him $60,276.25. The loan was to be secured by two parcels of real property, one in Jackson County and one in the City of Alpharetta. Appellee, attorney Chester, certified to Kirby by "attorney's certification and opinion" dated the day before closing and again a month later, that title to both parcels was held by Jones, and most importantly to the present suit, that title to the Jackson County property was vested in Jones subject to certain standard objections and that a security deed held by Kirby would constitute a valid first lien on the property. Chester understood that the purpose of his employment by his client in this regard was to certify title to Kirby so that Kirby would provide the client Jones with the loan.

Believing that the loan would be secured by both tracts, Kirby made the loan to Jones at an interest rate of 11.5% for a period of 60 days in October 1979. Jones failed to pay the debt at maturity. Kirby still believed he had two enforceable security deeds and did not institute legal proceedings to collect the debt. Jones died in December 1980.

Pursuant to the terms of his second priority security deed, Kirby foreclosed on the Alpharetta property, and at public sale bid in the property at $25,000. He thereafter sold it for a net profit of $62,650.08. Kirby did not seek judicial confirmation of this foreclosure sale but, having determined that there was still a balance due on the Jones debt, embracing interest, costs of collection and attorney fees, chose to foreclose on the Jackson County tract. Contrary to Chester's title certification, real estate records disclosed that Jones had no re-

corded interest in this property.

Kirby sued Chester alleging among other things that he had been damaged as a result of the omission or negligence. The trial court granted Chester's supplemental motion for summary judgment after concluding that Kirby was not damaged by the incorrect certification of Jones' title to the Jackson County property because the foreclosure and resale of the Alpharetta property "made him whole" on the loan to Jones, and that Kirby's failure to seek and obtain confirmation of the foreclosure sale on the Alpharetta property terminated his right to pursue relief in the nature of the deficiency judgment against Chester. Kirby appeals. *Held*:

Appellant's sole enumeration of error contends that the trial court's grant of summary judgment was improper and premised on erroneous conclusions.

1. The trial court concluded that Kirby as a matter of law was not damaged by the inaccurate certification inasmuch as he eventually sold the Alpharetta property for a net profit exceeding the principal of the loan to Jones.

Where the alleged malpractice, as in the present case, consists of allegedly negligent examination or certification of title to real estate, one may recover from the attorney his "actual damages." *Ware v. Durham*, 246 Ga. 84 (1) (268 SE2d 668) (1980); *Alston v. Stubbs*, 170 Ga. App. 417, 420 (317 SE2d 272) (1984). The terms of the note provided for interest after maturity until paid, with all costs of collecting including attorney fees. The deed to secure debt on the Jackson County property provided that upon default of the debt at maturity or by other stated reasons, Kirby was granted, inter alia, the power to hold a foreclosure sale and the right to receive all costs and expenses of sale plus ten percent of the aggregate amount due for attorney fees. These items are over and above the principal amount of the loan and thus are losses to Kirby arising out of the absence of the Jackson County collateral from which to satisfy them. Thus it cannot be concluded as a matter of law that Kirby did not suffer "actual damage." Moreover, nominal damages are recoverable in a legal malpractice case. *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 806 (273 SE2d 16) (1980). The court said: "In legal malpractice cases, this court has followed the doctrine that a right of action arises immediately upon the wrongful act having been committed, even though there are no special damages . . . [T]he fact that nominal damages may be recovered is sufficient to create a cause of action. . . ."

The trial court erred in granting summary judgment to Chester on this basis.

2. In addition, the trial court concluded that appellant's failure to obtain statutory confirmation of the foreclosure and public sale of the Alpharetta property terminated his right to seek further relief in the

nature of a deficiency judgment against Chester.

It is true that Kirby's election not to follow the statutory confirmation procedure of OCGA § 44-14-161, would preclude him from being permitted to sue *the debtor* for any money deficiency resulting from the sale. *Thompson v. Maslia*, 127 Ga. App. 758 (195 SE2d 238) (1972). (Emphasis supplied.) But here, Kirby is not suing the debtor or his estate for a deficiency, nor can this be considered a situation of indemnity for the purpose of barring suit. The recovery sought is for legal malpractice, not indemnity. See *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 167 Ga. App. 411 (2) (306 SE2d 340) (1983), aff'd 252 Ga. 149 (311 SE2d 818) (1984); *Alston v. Stubbs*, supra. There is no confirmation prerequisite for a suit based on legal malpractice.

The lack of confirmation may be relevant to the question of damages. Kirby maintains that he did not seek judicial confirmation because of the expense and the absence of necessity, since he still had the security of the Jackson County property and did not intend to seek the deficiency from the debtor's estate. So, he says, defendant's negligence lulled him into giving up a right of action. Whether it was a valuable right depends on the size and nature of the debtor's estate. Chester, on the other hand, contends that Kirby could have mitigated his damages by seeking confirmation and a deficiency judgment and that, at the least, the election not to confirm demonstrates that the property was foreclosed for an unconscionably low price so that the price Kirby later sold it for should be the true measure. At any rate, these matters address themselves to the question of the amount of damages, which is up to the jury, and not to whether the damaged party could sue the alleged tortfeasor.

Kirby's failure to pursue confirmation would not operate to extinguish the debt, nor would it estop Kirby from pursuing other contractual security, if he had such. *Salter v. Bank of Commerce*, 189 Ga. 328 (6 SE2d 290) (1939); *Taylor v. Thompson*, 158 Ga. App. 671 (282 SE2d 157) (1981). The very gravamen of the instant suit is that Kirby does not have such security to turn to because of the alleged malpractice of the appellee. To follow the trial court's analysis here would protect a tortfeasor from liability by a legal prerequisite meant to shield a defaulting debtor from an unfairly large deficiency due to a foreclosure below market value. See generally *First Nat. Bank & Trust Co. v. Kunes*, 230 Ga. 888 (199 SE2d 776) (1973); *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327 (270 SE2d 867) (1980). It should not be extended to the party whose alleged negligence occasioned the decision not to obtain court confirmation and thus to forego a deficiency judgment.

The trial court's grant of summary judgment to Chester on this basis was likewise in error.

In support of his motion to the trial court, but not on appeal,

appellee Chester argued that Jones had paid him and was his client rather than Kirby and therefore that appellant lacked the privity to invoke possible liability for the alleged malpractice. Though a ground of a motion not argued on appeal is deemed abandoned (*Pico, Inc. v. Mickel*, 138 Ga. App. 856, 857 (230 SE2d 488) (1976)), we of necessity address Kirby's right to bring the present action. If he had no standing to bring a suit for malpractice in the first place then the grant of summary judgment to Chester should be affirmed for that reason. "Where the judgment of the trial court is proper and legal for any reason, it will be affirmed regardless of the reason assigned." *Johnson v. Barrett*, 166 Ga. App. 353, 356 (304 SE2d 478) (1983); see also *Tony v. Pollard*, 248 Ga. 86 (281 SE2d 557) (1981).

The initial requirement for establishing liability in a legal malpractice claim is that there be a legal duty. This duty has been held to arise from the attorney-client relationship itself. See *Hughes v. Malone*, 146 Ga. App. 341, 344 (247 SE2d 107) (1978). However, under certain circumstances, professionals owe a duty of reasonable care to parties who are not their clients, i.e., not in privity with them. See *First Fin. S. & L. Assn. v. Title Ins. Co. of Minn.*, 577 FSupp. 654 (1982); see also *North American Co. for Life &c. Ins. v. Berger*, 648 F2d 305 (5th Cir. 1981); *Travelers Indem. Co. v. A.M. Pullen & Co.*, 161 Ga. App. 784 (289 SE2d 792) (1982). This is not a suit on a contract but rather a suit based on the tort of negligence. While it arises out of the contractual relationship between attorney Chester and his client Jones, it is bottomed on the legal duty which the attorney owed to the third party beneficiary. Obviously the client Jones was the primary beneficiary, since without the title certification he would not have been able to get the loan. The purpose of the title certification was to induce Kirby to make the loan by assuring that his risk was secured by good collateral.

"The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract." OCGA § 9-2-20 (b). "In order for a third party to have standing to enforce a contract under Code Ann. § 3-108 [OCGA § 9-2-20 (b)] it must clearly appear from the contract that it was intended for his benefit. The mere fact that he would benefit from performance of the agreement is not alone sufficient. [Cits.]" *Backus v. Chilivis*, 236 Ga. 500, 502 (224 SE2d 370) (1976). Title certification was expressly directed to Kirby. It was a declaration intended and tending to inspire confidence. It was given so that Kirby could trust that Jones' representation that he owned the Jackson County property was legally correct. By its nature, it sought to invoke reliance on the professional expert opinion rendered and thus to serve as a catalyst for the loan to be made. The client Jones did not himself need the assurance; Kirby did. Jones needed it only so that Kirby would act to provide

Jones with the money he wanted.

In *Stuart v. Berry*, 107 Ga. App. 531, 532 (2) (130 SE2d 838) (1963), we explained the relationship between the tort and the underlying contract: "Where a duty to exercise ordinary care in doing or refraining from doing some act rests upon a contract with a third person, one injured by the negligence of the action cannot ordinarily rely for recovery on a mere breach of warranty or violation of the contractual obligation. He may, however, plead and prove the contract by way of inducement to raise the duty of the defendant to use due care in his performance of it." The Georgia Supreme Court acknowledged this as being a correct statement of the law, in *Backus v. Chilivis*, supra at 503.

In *Travelers Indem. Co. v. A. M. Pullen & Co.*, supra at 786, this court stated with regard to the privity requirement: "a third party is entitled to recover from an accountant, despite the absence of privity, where the third party is in a limited class of persons known to be relying upon representations of accountants." See the general discussion in *First Financial S & L Assn. v. Title Ins. Co. of Minn.*, 557 FSupp. 654, 659 (N.D. Ga. 1982). We agree with the court's statement made there that "under certain circumstances, professionals owe a duty of reasonable care to parties who are not their clients, i.e., not in privity with them."

The duty of an attorney to the third party in a title certification case was recognized by this court in *Simmerson v. Blanks*, 149 Ga. App. 478, 481 (254 SE2d 716) (1979), where it quoted with approval the rule of a sister state establishing a legal duty in a case similar to the one here: "Another precedent [for holding the attorney in *Simmerson* liable as a voluntary agent, not the situation here] is *Lawall v. Groman*, 180 Pa. 532 (37 A 98) (1897), which involved a suit against an attorney for negligent examination of title. In assessing the attorney's liability independent[ly] of the relation of attorney and client, the court said: 'The principle settled in *Coggs v. Bernard*, 1 Smith's Lead. Cases, that one who undertakes to do, even without reward, is responsible for misfeasance, though not for nonfeasance, has been generally adopted. If therefore defendant, knowing that plaintiff was relying on him in his professional capacity to see that her mortgage was the first lien, although Roberts was to pay the fees, undertook to perform that duty, he was bound to do it with ordinary and reasonable skill and care in his profession, and would be liable for negligence in that respect.' *Lawall*, supra, p. 540."

This was also recognized in *Alston v. Stubbs*, supra, which was based in part on the third party's claim of negligently certifying title to real estate. It has been held in this state that an attorney may be liable in tort to a third party for professional action taken on behalf of a client. See *Orr v. Floyd*, 95 Ga. App. 401, 405 (2) (97 SE2d 920)

(1957).

There is little dispute that Kirby as the lender here relied on Chester's faulty title certification and that Chester knew the purpose of his title search and subsequent certifications was, as in most real estate transactions, to assure the lender of sufficient collateral for the proposed loan. It is clear that Chester owed a duty to Kirby " ' "to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake[,]" '; " ' "[a]n attorney is not bound to extraordinary diligence. He is bound to *reasonable* skill and diligence, and the *skill* has reference to the character of the business he undertakes to do." ' [Cits.] Thus, *while the standard of care required of an attorney remains constant, its application may vary." Kellos v. Sawilowsky*, 254 Ga. 4, 5 (325 SE2d 757) (1985).

The mere existence of a duty, however, would not of itself establish Chester's liability. Whether Chester's actions amounted to negligence is a disputed question that must be resolved by the trier of fact.

Thus this threshold question of standing does not give ground for affirmance of the summary judgment either.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 29, 1985.

*H. Patterson Garner*, for appellant.
*Jeffrey O. Bramlett, Jeffrey M. Smith*, for appellee.