A07A0030. YOUNG et al. v. WILLIAMS.
(645 SE2d 624)

JOHNSON, Presiding Judge.

James Williams retained attorney Henry Young, Jr., to draft a will. The will Young drafted contained no provisions for James Williams' real property. As a result, when James Williams died, his real property was distributed according to the rules of intestate succession, with his widow, Betsy Williams, receiving a one-third

interest in the marital residence, and his children from a previous marriage receiving a two-thirds interest in the residence.

Betsy Williams sued Young and Henry Young, Jr., P.C. (collectively, "Young"), for legal malpractice. Young admitted that James Williams intended for the marital residence to pass entirely to Betsy Williams and that he inadvertently failed to include such a provision in the will. He urged, however, that Betsy Williams could not bring a legal malpractice action against him because there was no privity of contract. The trial court granted Betsy Williams' motion for partial summary judgment on the issue of liability and denied Young's motion for summary judgment. Young appeals.

1. Young contends the trial court erred in granting summary judgment to Betsy Williams when she was not his client. This argument is without merit.

At the outset, we note that an attorney may breach his duty toward his client when, after undertaking to accomplish a specific result, such as to draft a will, he then fails to effectuate the intent of the parties.[1]

In general, an attorney-client relationship must be demonstrated before a plaintiff may recover in a legal malpractice case.[2] Under certain circumstances, however, an attorney may owe a duty to a party who is not his client, but who is a third-party beneficiary to an agreement between the attorney and his client.[3] For a third party to claim such a duty exists, it must clearly appear from the contract that it was intended for her benefit.[4] The mere fact that the third party would benefit from performance of the agreement is not alone sufficient.[5]

In this case, there was no written contract between Young and James Williams. However, Young gave detailed testimony on deposition regarding the agreement. He testified that James Williams retained him to prepare a will and told him the manner in which he wanted his assets distributed. Young then drafted a will which provided, among other things, that Betsy Williams would receive $250,000 and much of James Williams' other personal property, and James Williams' children from a prior marriage would receive the residual personal property. Young inadvertently neglected to include any provisions for the disposition of real property.

---

[1] See *Graivier v. Dreger & McClelland*, 280 Ga. App. 74, 77 (1) (a) (i) (633 SE2d 406) (2006); *Berman v. Rubin*, 138 Ga. App. 849, 852 (227 SE2d 802) (1976).

[2] *Legacy Homes v. Cole*, 205 Ga. App. 34, 35 (421 SE2d 127) (1992).

[3] Id. at 35-36.

[4] Id. at 36; *Backus v. Chilivis*, 236 Ga. 500, 502 (II) (224 SE2d 370) (1976).

[5] *Legacy Homes*, supra; *Kirby v. Chester*, 174 Ga. App. 881 (331 SE2d 915) (1985).

In reviewing the will with James Williams before it was executed, Young mentioned to James Williams he was surprised that more was not being left to Betsy Williams. James Williams replied that she was receiving "a million dollar house free and clear." Young testified that James Williams had communicated to him the intent to leave the residence to Betsy Williams, and that both men believed at the time that the will as drafted provided that the real property would go to Betsy Williams. Young admitted that he was responsible for the omission, and that he violated his own standard of care by not including a provision for the real property.

It is clear from the record that James Williams hired Young to draft a will so that certain people would inherit his property upon his death. James Williams specifically told Young that he intended Betsy Williams to inherit the marital residence. Young admitted that, in drafting a will, he owed to the intended beneficiaries a duty similar to the duty he owed the testator in making sure the testator's intent is carried out. He also testified that he had never seen a will that did not contain a general residuary clause, and admitted that his failure to include such a clause in the will violated his standard of care. An expert testified by affidavit that the failure to include a residuary clause in the will violated the standard of care required of attorneys. The trial court properly granted partial summary judgment to Betsy Williams as a third-party beneficiary of the agreement between Young and James Williams.

Within the same enumeration of error, Young claims Betsy Williams failed to prove that his negligence was the proximate cause of her alleged damages. The argument is without merit, since it is clear from the record that Young's lack of due care in drafting the will resulted in Betsy Williams losing two-thirds of her interest in the marital home. Contrary to Young's position, the fact that James Williams reviewed the will before signing it and failed to detect the omission does not insulate Young from liability.[6]

2. Young contends the trial court erred in denying his motion for summary judgment because Betsy Williams was not in privity with him. This enumeration is without merit for the reasons discussed in Division 1.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

---

[6] See *Berman,* supra (where the document requires substantive or procedural knowledge, is ambiguous, or is of uncertain application, the attorney may well be liable for negligence, notwithstanding the fact that his client read what was drafted); *Kushner v. McLarty,* 165 Ga. App. 400, 401 (1) (300 SE2d 531) (1983) (an attorney is not insulated from liability for faulty draftsmanship simply because the client reads the document).

DECIDED APRIL 17, 2007 —
RECONSIDERATION DENIED MAY 2, 2007.

*Goodman, McGuffey, Lindsey & Johnson, Samantha R. Johnson, Robert M. Darroch*, for appellants.
*Gaslowitz Frankel, Adam R. Gaslowitz, Craig M. Frankel, Paul D. Menair*, for appellee.