**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 13, 2013**

# In the Court of Appeals of Georgia

A12A2387. BEVINGTON v. CAVALRY PORTFOLIO SERVICES, DO-111
LLC.

DOYLE, Presiding Judge.

Charles Bevington appeals pro se from the grant of summary judgment to Cavalry Portfolio Services, LLC ("Cavalry"), in its action on a credit card agreement filed against Bevington. We affirm in part and reverse in part, for the reasons that follow.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all

reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

Cavalry's October 6, 2010 complaint alleged that Bevington had entered into a credit card agreement with MBNA America Bank, NA, which account was ultimately transferred to Cavalry. Bevington did not file an answer, and the trial court granted Cavalry's motion for a default judgment as to liability. In a subsequent amended complaint, Cavalry alleged that Bevington defaulted on the account and that it was entitled to recover from him the $12,405.67 balance, interest in the amount of $8,527.77, additional interest at the rate of 7 percent beginning on December 15, 2011, plus $2,041.06 in attorney fees.

Cavalry moved for summary judgment and attached a supporting affidavit signed by Stephanie Cappelli, Cavalry's "[l]egal [a]dministrator." Cappelli stated therein that, based on her review of Bevington's records, Bevington owes Cavalry the principal balance of $12,405.67, plus interest accrued at a rate of 7 percent as set forth in the contract between Bevington and Cavalry's assignor, along with $2,041.06 in "reasonable attorney[] fees." The trial court granted summary judgment to Cavalry

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

"in the principal amount of $12,405.67, $8,606.28 interest through the date of January 17, 2012, continuing interest at the rate of 7 [percent] per annum[,] and $2,041.06 in attorney's fees, plus all costs of court. . . ." This appeal followed.

1. As an initial matter, we note that Bevington's brief fails to comply with Court of Appeals Rule 25 (c) (1), which requires that "[t]he sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly." Bevington enumerates three separate errors, but he groups them into one single argument.

> As we have held, Rule 25 (c) (1) is more than a mere formality. It is a requirement which this Court imposes to ensure that all enumerations of error are addressed and to facilitate review of each enumeration. By failing to comply with the rule, [Bevington] has hindered the Court's review of his assertions and has risked the possibility that certain enumerations will not be addressed. Accordingly, to the extent that we are able to discern which of the enumerations are supported in the brief by citation of authority or argument, we will address those enumerations.[2]

In addition, Cavalry has failed to file an appellate brief, further hindering our review of this matter.

---

[2] (Punctuation omitted.) *Barnett v. Fullard*, 306 Ga. App. 148, 149-150 (1) (701 SE2d 608) (2010).

2. Bevington argues that the trial court erred by granting Cavalry's motion for summary judgment "without notice to [him] or a hearing and an opportunity to present evidence in opposition to the motion for summary judgment." This enumeration is without merit.

The record on appeal contains a certificate of service from Cavalry indicating that it served Bevington with a copy of the motion for summary judgment. The record also contains a copy of a letter from Cavalry's attorney to the trial court requesting a ruling without a hearing, which letter indicates that the attorney sent a copy thereof to Bevington. Bevington did not file a response to the summary judgment motion, nor did he request a hearing.

"[U]nder Uniform Superior Court Rule 6.3, a trial court may decide a motion for summary judgment without an oral hearing in the absence of a written request for one by either party."[3] "In the absence of such a request, it was not error for the trial court to rule on the motion for summary judgment without a hearing."[4]

---

[3] *Rose v. Household Finance Corp. II*, 316 Ga. App. 282, 286, n.3 (728 SE2d 879) (2012).

[4] *Aniebue v. Jaguar Credit Corp.*, 308 Ga. App. 1, 7 (3) (708 SE2d 4) (2011).

4

3. Bevington also contends that the trial court erred by "backdating" the summary judgment order, "which would entitle [Cavalry] to double recover[y] on the judgment." We disagree.

The handwritten date on the order is March 12, 2008. This appears to be a scrivener's error, however. The clerk's file-stamp indicates that the order was filed on March 12, 2012. "The date the judgment was filed with the court clerk, not the date the trial judge signed the order, constitutes 'entry' of the judgment."[5] Accordingly, this enumeration is without merit.

4. Finally, Bevington argues, without offering any specifics, that he "disputes the validity and amount of the alleged debt claimed by [Cavalry]." Our de novo review indicates that the trial court's judgment is not proper.

The trial court awarded Cavalry interest at the rate of seven percent.[6] The agreement between the parties, which Cappelli attached as an exhibit to her affidavit, states that the annual percentage rate on Bevington's account was *5.90* percent. In her

---

[5] *In the Interest of K. D.*, 272 Ga. App. 803, 805 (613 SE2d 239) (2005), citing OCGA § 9-11-58 (b); *Blanton v. Moseley*, 133 Ga. App. 144 (1) (210 SE2d 368) (1974).

[6] It is not clear from the order how the interest was calculated, including the date upon which it began to run.

affidavit, Cappelli states that Bevington's account "was charged-off as uncollectible on August 30, 2007," and "[s]ince the date of the charge-off, interest has continued to accrue at a rate of 7.000 [percent] per annum, pursuant to the contract between [Bevington] and [Cavalry's] assignor."[7] Parol evidence, however, is without probative value to vary the terms of a written contract, even if admitted without objection. Thus, the trial court erred by awarding interest at the rate of seven percent.[8]

*Judgment affirmed in part and reversed in part. Andrews, P.J. and Boggs, J., concur.*

---

[7] See OCGA § 13-2-2 (1); *Paige v. Jurgensen,* 204 Ga. App. 524, 525 (1) (419 SE2d 722) (1992) ("Where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. Such a contract is the only evidence of what the parties intended and understood by it. . . . [P]arol evidence . . . admitted without objection or over objection. . . is without probative value to vary terms of a written contract.") (citations and punctuation omitted).

[8] See *Aniebue*, 308 Ga. App. at 7 (2).